Morton B. Silberman, J.
Plaintiffs move for an order to dismiss an appeal taken by the defendant to the County Court from a judgment in the Justice’s Court of the Town of Clarkstown.
*219 After a trial in the Justice’s Court of the Town of Clarkstown a judgment was rendered in favor of the plaintiffs in the amount of $352.50. In April, 1965 the defendant served a notice of appeal wherein the defendant demanded a new trial in the County Court of Rockland County. This is authorized by section 442 of the Justice Court Act. The defendant also gave an undertaking to stay the execution of the Justice’s Court judgment, as provided by section 443 of the Justice Court Act. During the intervening year, and up to the time of the within motion brought by the plaintiffs to dismiss the appeal, neither party has taken any further steps with respect to the appeal.
No return has been filed by the Justice of the Peace who presided at the trial in the Justice’s Court. Section 438 of the Justice Court Act states that the Justice must, after 10 and within 30 days from the service of the notice of appeal, make a return to the appellate court. The section specifies what the return is to contain.
On the within motion it is the contention of the plaintiffs-respondents that because the defendant-appellant has taken no steps to compel the filing of a return and to place this action on the trial calendar of the County Court, that the appeal should be dismissed. The defendant-appellant contends that he has done all that he is required to do to perfect his appeal, and that it is incumbent upon the plaintiffs-respondents to take whatever further steps are necessary to place this action on the trial calendar of the County Court.
The Justice Court Act itself is most vague and indefinite as to which party has the burden of compelling the return of the Justice of the Peace and placing the action on the County Court calendar. There is also scant case law authority.
Under the Justice Court Act, if a judgment in excess of $250 is rendered, the losing party in the Justice’s Court has an unconditional right to a new trial in the County Court regardless of whether any error has been made at the trial in the Justice’s Court. Merely by serving a notice of appeal and filing an undertaking the losing party in a Justice’s Court action can obtain a new trial in the County Court without any showing of error in the Justice’s Court trial. This is unlike any other appellate process in our judicial system. In all other courts, to obtain a new trial, the losing party must establish in an appellate court that such error has been made in the trial court as will entitle the losing party to a new trial, This Justice Court Act procedure of an unconditional right to a new trial in the County Court obviously discourages parties from bringing actions in excess of $250 in the Justice’s Court. This results in many cases *220 being added to the already overburdened County Court trial calendars, which cases in many instances would otherwise be tried in the Justice’s Court. There are far too many cases on County Court trial calendars for claims which could and would be tried in Justices’ Courts but for this archaic and impractical provision which gives to a losing party in the Justice’s Court an unconditional right to a new trial in the County Court. Plaintiffs do not want to bring actions in the Justices’ Courts when they know that if they receive a favorable verdict that the defendant can have a new trial in the County Court merely for the asking and without any showing of any error at the Justice’s Court trial. Even greater problems will be created now that the jurisdiction of the Justices’ Courts has been increased from $500 to $1,000.
With respect to the within motion, we have a situation of a plaintiff being awarded a judgment after trial in the Justice’s Court and unable to recover on same because the defendant, as is his right, has demanded a new trial in the County Court and has done nothing to place the matter on the County Court trial calendar. Belief must be granted to the plaintiff s-respondents. In all other courts an appellant is obliged to perfect his appeal within certain specified periods of time. The burden is upon an appellant to diligently prosecute his appeal or be faced with dismissal of same, which is as it should be. This court finds no statutory mandate or case law authority requiring it to deviate from accepted procedures in all of our courts of placing the burden of perfecting appeals upon the appellant. One who appeals from a Justice’s Court judgment and demands a new trial in the County Court should have the burden of perfecting the appeal and placing the action on the County Court trial calendar. This burden should not be upon the respondent.
Accordingly, the motion to dismiss this appeal is granted, unless the defendant-appellant moves to compel the Justice of the Peace who presided at the trial to file a return within 30 days from service of the order to be made herein with notice of entry thereof, and, further, places this action on the trial calendar of the County Court within 30 days from the filing of the Justice’s return.