Arnold W. Proskin, J.
The defendant-appellant [hereinafter defendant] moves this court for an order reversing and vacating a judgment of conviction from the Justice Court, Town of Bethlehem (DeAngelis, J.), entered on August 26, 1974, upon the-alternative grounds of “interest of justice” (CPL 470.15, subd. 3, par. [c]), or on the merits of the case.
The defendant was charged with violation of subdivision (a) of section 1120 of the Vehicle and Traffic Law, failure to keep right, and was convicted and fined $15 after a trial before the court. The proceedings were recorded on an electronic tape recorder. The defendant submits the novel argument that the tape recorder is the modern technical equivalent of a “ court stenographer ” as referred to in CPL 460.10 (subd. 2), and that the appeal is therefore properly prosecuted pursuant to that section. It is further argued that, when an appeal is taken under CPL 460.10 (subd. 2), the trial court is required to direct the stenographer to prepare and file copies of the “ stenographic minutes of the proceedings constituting the record on appeal.” (CPL 460.70, subd. 1.) To date no transcript has been prepared nor filed and the defendant now urges this court to reverse the conviction “in the interest of justice”, pursuant to CPL 470.15 (subd. 3, par. [c]), for the failure of the trial court and stenographer to comply with CPL 460.70.
Alternatively, the defendant seeks reversal on the merits of the case, having perfected his appeal pursuant to CPL 460.10 (subd. 2) by filing an affidavit of errors.
While the court is impressed with the novelty of the defendant’s argument, the legal weight is not in his favor. The definition of ‘ ‘ court stenographer ’ ’ as used in CPL 460.10 does not, in my view, include an electronic tape recorder. To hold otherwise would do extreme violence to the commonly understood *55 meaning of the term and would undoubtedly create havoc amongst the Justice Courts of the State, to say nothing of the certified stenographic reporters.
Upon the record before this court, the merits of this case require a reversal of the conviction. The only evidence presented by the People in this case is circumstantial, that is, the defendant’s motor vehicle was found on the wrong side of the road. The defendant admitted, in his trial testimony, that he had driven off the wrong side of the road, but stated that this was caused by another vehicle forcing him off the road. This evidence was insufficient to justify conviction of violation of subdivision (a) of section 1120 of the Vehicle and Traffic Law. The section under which the defendant was charged states, in pertinent part: “ (a) Upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except as follows: 1. When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement; 2. When overtaking or passing pedestrians, animals or obstructions on the right half of the roadway; 3. When an obstruction exists making it necessary to drive to the left of the center of the highway; provided, any person so doing shall yield the right of way to all vehicles traveling in the proper direction upon the unobstructed portion of the highway within such distance as to constitute an immediate hazard; 4. Upon a roadway divided into three marked lanes for traffic under the rules applicable thereon; or 5. Upon a roadway restricted to one-way traffic. ’ ’
In order to sustain a conviction under this section, it is the prosecution’s burden to prove beyond a reasonable doubt that the defendant operated his vehicle on the wrong side and that he was not within one of the above-enumerated exceptions. (See People v. Bailey, 60 Misc 2d 283, 288-289.) The evidence in this case falls far short of proof beyond a reasonable doubt.
The judgment of conviction is reversed on the law and the facts, the information dismissed, the $15 fine remitted to the defendant and the conviction expunged from the defendant’s operator’s license and the motor vehicle records.