■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDDIE BAEZ, Respondent.—Appeal from order entered in the Supreme Court, New York County, on November 20, 1974 granting defendant's motion to suppress, unanimously dismissed. Defendant was indicted for coercion in the first degree, unlawful imprisonment in the second degree and possession of a weapon, to which he pled not guilty. Defendant then moved to suppress as evidence his photographic identification and an inculpatory statement allegedly made by him at the time of his arrest. On October 22, 1974 the court granted the motion and suppressed both the identification and the inculpatory statement. On November 20, 1974 the District Attorney made an oral application for a reopening of the hearing which was denied. The court then granted, over defense counsel's objection, the District Attorney's request that the October 22 order be redated as of November 20 "in order for the People to have time to appeal from Your Honor's decision and ruling of the twenty-second of October." The notice of appeal was filed 56 days after the service and filing of the October 22, 1974 order. The court's redating of its order for the sole purpose of extending the People's time to appeal was a

nullity. The court did not have the power or authority to extend the time fixed by law within which an appeal may be taken. (See *People v Puchner,* 277 App Div 9; *People v Stottlemeyer,* 9 AD2d 1022; *People ex rel. Hirschberg v Orange County Ct.,* 271 NY 151; *People ex rel Bergman v Morhous,* 264 App Div 978.) The appeal, not having been filed within the 30-day statutory time period (CPL 460.10), is dismissed. We have considered the merits and were the matter properly before us, we would have affirmed by a vote of 4 to 1. Concur—Markewich, J. P., Kupferman, Capozzoli, Lane and Nunez, JJ.