OPINION OF THE COURT
Robert W. Coutant, J.
The defendant-appellant appeals the February 23, 1982 judgment of the Town Court, Town of Maine (Comstock, J.) convicting him of speeding in violation of subdivision (b) of section 1180 of the Vehicle and Traffic Law.
At a trial held in this matter on February 23, 1982, the proceedings were recorded by a tape recorder. The appellant timely served a notice of appeal dated March 16,1982. Upon discovering that the tapes were defective, the Town Justice filed his trial notes as part of his return on March 24, 1982. On May 14, 1982, the appellant submitted his brief on appeal, and on June 25,1982, the People filed their reply brief.
Procedurally, the posture of this case on appeal illustrates a recurring problem with appeals emanating from local courts in which there is no court stenographer in the courtroom. Many of the local courts regularly use a tape *582 recorder to record the trial. The standard procedure has been to require an appellant to purchase a copy of the transcript typed from the recordings, the original of which is filed with the Judge’s return. That transcript is then utilized by the parties to support their arguments on appeal. When the tapes become unavailable through malfunction, erasure, or loss, the subsequent record on appeal is either nonexistent or incomplete. This problem is clearly unnecessary and results from the intermingling of the two appeal procedures prescribed by CPL 460.10. The choice of the appropriate method of appeal is determined by the presence or absence of a court reporter at trial.
Where there was a court stenographer present, the appellant files a notice of appeal with the local court, a transcript of the minutes is prepared, and the trial court files the transcript as part of the Judge’s return to County Court (CPL 460.10, subds 1, 2; 460.70; 22 NYCRR 1302.5.) The parties then prepare and file their appellate briefs.
Where there was no court stenographer recording the proceedings, CPL 460.10 (subd 3) sets forth the proper method of appeal. Under this procedure, the appellant must file with the clerk of the Town Court an affidavit of errors pursuant to CPL 460.10 (subd 3, pars [a], [b]), setting forth the alleged errors or defects in the proceedings upon which the appeal is based. The Judge’s return must “set forth or summarize evidence, facts or occurrences in or adduced at the proceedings * * * which constitute the factual foundation for the contentions alleged in the affidavit of errors” (CPL 460.10, subd 3, par [d]). The Judge is required to file the affidavit of errors and the return with the county court clerk and to send a copy of the return to each party or his counsel. The appeal briefs are then prepared and filed with County Court. Under this procedure, the Judge’s return provides the evidentiary context in which County Court reviews the appellate arguments of the parties. (With this in mind, those Judges conducting trials without a court stenographer should be cognizant of their obligation to take sufficient notes to provide an adequate basis for the preparation of a complete return.) When the prescribed procedure is not followed, this evidentiary context is often incomplete, because the return, made *583 in the absence of an affidavit of errors, may not specifically address those areas of the local court proceedings which are the subject of the appeal.
The appellant has appealed this matter once before. In that instance, the Town Court did not receive the appellant’s notice of appeal, the tapes were erased and the Judge’s trial notes were not retained. On the basis of People v Ruggerio (16 NY2d 550), this court reversed appellant’s conviction and ordered a new trial. That trial is the subject of this appeal.
Ruggerio (supra, p 550) held that “[w]here there is no record of the testimony and the proceedings had upon a trial without fault of the Justice”, a new trial is required. Unlike the records of appellant’s first trial, which were all destroyed, a record of the second trial survives in the form of the Judge’s notes, and Ruggerio is not applicable.
The appellant filed solely a notice of appeal, pursuant to CPL 460.10 (subds 1, 2) (which is the procedure to be followed when there is a court stenographer present). The court filed its return pursuant to CPL 460.10 (subd 3) (which is the procedure to be followed when there is no court stenographer). The combining of these two distinct appeal procedures has resulted in an incomplete evidentiary context within which this court can determine the points raised on appeal. The local court return was not based on an affidavit of errors and therefore does not address all of the issues raised by the appellant.
It should be noted that there is no statutory authority for substituting the transcription of electronically recorded minutes for either the minutes of a court stenographer or the return prepared by the trial court, or for imposing the cost of such transcription on the appellant. If an appellant is to bear the cost of a transcript, he or she is entitled under the CPL to have a court stenographer present at the proceedings. When no court stenographer is present, the Judge must keep a record of the proceedings which will serve as the court’s return, should there be an appeál. If a court wishes to use an electronic recording for its own purposes, it is free to do so, but the recording must not be the sole record of the proceedings. Electronic malfunction should no longer occasion retrials.
*584 This appeal cannot be determined on the record as it presently exists because of the hybrid appeal procedure followed. Therefore, the court deems appellant’s letter memorandum to be his affidavit of errors, which appellant must now file with the Town Court. Pursuant to CPL 460.10 (subd 3, par [e]), the Town Court is directed to file an amended return addressed to the allegations of error. Appellate briefs may then be filed with this court. The determination of this appeal will be held in abeyance pending these filings.
It is therefore ordered, that the appellant file a copy of his letter memorandum with the Town Court of Maine within 10 days, with a copy to the Broome County District Attorney within three days thereafter, and it is further ordered, that within 10 days of the receipt of said memorandum, the Town Court of Maine file an amended return with the county court clerk with a copy to each party, and it is further ordered, that appellant file his appeal brief with County Court and with respondent within 10 days of the filing of the amended return, and that respondent file its answering brief within 10 days thereafter.