OPINION OF THE COURT
Dan Lamont, J.
These six cases involve "appeals” to the County Court by each defendant-appellant from judgments of conviction of the Village Court, Village of Cobleskill (Guernsey, Higgins, Lodes, Schrader); Town Court, Town of Schoharie (Twedt); and Town Court, Town of Fulton (Culoso). In each case, the District Attorney moves that the defendant-appellant’s appeal or affidavit of errors be dismissed, or in the alternative that each defendant-appellant be granted a conditional order fixing a designated time within which each defendant may properly perfect his appeal. No papers in opposition to the People’s *792 motion have been submitted by any of the defendants-appellants.
The instant applications by the District Attorney constitute the very first and only papers on file with the County Court relative to any of the above-entitled criminal appeals. Attorney for defendants-appellants has failed to comply with CPL 460.10 (2) or 22 NYCRR 200.33 (a) both of which require appellant to file a copy of the notice of appeal with the clerk of the appellate court or County Clerk.
The taking and perfection of criminal appeals from a local criminal court is governed by CPL 460.10, 460.70, and 22 NYCRR 200.33. The procedures set forth in CPL 460.10 (3) provide an appeal mechanism from local criminal courts which are not courts of record. The taking of an appeal by filing and serving an affidavit of errors is authorized only in a case in which the underlying proceedings were not recorded by a court stenographer.
Accordingly, the Guernsey, Higgins, Lodes, Schrader, and Twedt appeals have not been properly taken, much less properly perfected. The County Court therefore could not and would not grant any application by any defendant-appellant pursuant to CPL 460.10 (3) (e) directing the local criminal court to file a return to the affidavit of errors.
Since the underlying proceedings in the Culoso case were electronically tape recorded (not recorded by a "court stenographer”), it would at first blush appear that defendant Culoso may proceed by affidavit of errors (CPL 460.10 [3]). However, where the underlying proceedings are electronically tape recorded, such record becomes the functional equivalent of a court stenographer, and this court holds and determines that defendant-appellant should be required to obtain a transcript thereof, rather than being permitted to file and serve an affidavit of errors.
At this juncture, each of the People’s applications to dismiss the above-entitled appeals must be denied. However, such denial is without prejudice to future applications by the People to dismiss such appeals for continued failure by defendants-appellants to properly take and perfect such appeals pursuant to the applicable provisions of the Criminal Procedure Law (CPL 460.10, 460.70) and the Uniform Rules for Trial Courts (22 NYCRR 200.33).