■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RIVERA, Appellant.—Judgment of the Supreme Court, Bronx County (Elbert C. Hinkson, J.), rendered November 6, 1986, which convicted the defendant of two counts of criminal possession of a weapon in the third degree and sentenced him to two concurrent, indeterminate terms of imprisonment of 3½ to 7 years, unanimously reversed, on the law and the facts, and a new trial directed.

Pursuant to a radio run of a dispute with a gun, two police officers came to the apartment that the defendant shared with Carmen Rivera. She told the officers that the defendant had held a gun to her head, that he was now sleeping and that the gun was in a box in the bedroom. With them, she went into the bedroom, and when one of the officers tried to open the box without success, she attempted to find her key, and finally told the officer that the defendant had a key in his trouser pocket. The officer obtained the key, opened the box and discovered a pistol, holster, ammunition and some papers.

After jury selection, the court suppressed these items on the

basis that a warrantless intrusion into the box was improper. While we think Carmen Rivera had sufficient authority and control of the apartment, which she shared with the defendant and their children, and over the box for which she claimed to have a key, so that consent was established *(cf., People v Rivera,* 60 NY2d 910), this issue, which was presented by the People at the *Mapp* hearing but not ruled upon, has not been preserved for review by the People (CPL 470.05; *see, People v Baez,* 49 AD2d 863).

During the course of the trial, the court determined that the gun would now be admissible because defense counsel had "opened the door" during the cross-examination of the police officer. Inasmuch as the question of suppression cannot be affected by the proceedings during the trial *(People v Riley,* 70 NY2d 523, 532), this was error because the defense was handicapped in not having been forewarned regarding the admissible evidence.

Accordingly, we reverse and order a new trial so that the defense, fully informed in the premises, will be able adequately to prepare and present its case. Concur—Kupferman, J. P., Sullivan, Ross, Carro and Asch, JJ.