OPINION OF THE COURT
Dan Lamont, J.
Respondent moves to dismiss an appeal from the Justice Court, Town of Middleburgh (Nunamann, T. J.), in a summary eviction proceeding wherein respondent landlord was granted *228 a judgment and warrant of eviction removing appellant tenant from a mobile home park. For the reasons which follow, respondent’s motion to dismiss the within appeal should be denied.
This summary proceeding was tried by the Justice Court, Town of Middleburgh, without a jury on March 2, 1989. Stenographic notes were not taken. On March 9, 1989, the Justice Court rendered a decision in favor of petitioner landlord, and a judgment and warrant of eviction issued that same day.
On April 3, 1989, appellant tenant filed a notice of appeal with the Justice Court, Town of Middleburgh, and served a copy upon the attorney for petitioner landlord.
UJCA 1704 (a) provides as follows: "(a) When an appeal has been taken, the stenographer’s original transcript of minutes, if such minutes were taken, must be furnished to the clerk within ten days after the fees therefor have been paid. If testimony was given but stenographic minutes were not taken, the clerk shall prepare minutes of the proceedings within thirty days after the filing of the notice of appeal, such minutes to consist of a statement sufficiently descriptive of the testimony to make possible appellate review. Immediately upon receipt or preparation of the minutes, the clerk shall cause notice of that fact to be sent to the appellant. The appellant shall then procure the case to be settled on a written notice of at least three days to the clerk and to the respondent, returnable before the justice who tried the case. The clerk shall thereupon prepare a return, which shall contain the summons or notice of petition, pleadings, evidence, judgment or order, notice of appeal, opinion of the court, if any, and all other papers necessary for appellate review of the judgment or order appealed from. Within five days after the return day of the notice to settle the case, the justice shall settle the same and indorse his settlement on the return. In lieu of the judge settling the case and indorsing his settlement on the return, the parties may stipulate that the transcript together with the proposed amendments, if any, are correct. The clerk shall thereupon cause the return to be filed with the clerk of the appellate court. ” (Emphasis supplied.)
Since most Justice Courts do not have a clerk, the obligation to draw up a statement setting forth the substance of the proceedings and to prepare and file a return falls to the Justice himself under UJCA 2101 (f) (see, Siegel, Practice *229 Commentaries, McKinney’s Cons Laws of NY, Book 29A, UJCA 1704, 1989 Pocket Part, at 258).
ISSUE PRESENTED
Should an appeal to County Court be dismissed when the Justice Court does not comply with the mandatory provisions of UJCA 1704 (a)?
CONCLUSIONS OF LAW
This court holds and determines that the failure by the Justice Court, Town of Middleburgh, to comply with the mandatory procedure set forth in UJCA 1704 (a) should not and cannot result in a dismissal of the appeal based upon appellant’s failure to prosecute.
Nevertheless, this court does hold and determine that the burden of compelling the preparation of the minutes of the proceedings by the Town Justice logically falls upon the appellant (see by way of analogy, CPL 460.10 [3] [e]).
If the appellant persists in doing absolutely nothing to acquaint the Town Justice, Town of Middleburgh, with the provisions of UJCA 1704 (a) or to compel the Town Court, Town of Middleburgh, to prepare minutes of the proceedings and to prepare and file a return, the within appeal could in the future be dismissed for failure to prosecute (see, e.g., Crosby v Fromson, 50 Misc 2d 218 [Rockland County Ct 1966]).
If on the other hand the appellant seeks to compel the Town Justice to prepare the minutes of the proceedings and to file a return, and the Town Justice should thereafter fail or neglect to do so, then the judgment appealed from should be vacated by this court, and the summary eviction proceeding remanded to the Town Court for a new trial before another Town Justice. Obviously, a party cannot be deprived of meaningful appellate review based upon the failure of a Justice Court to comply with UJCA 1704 (a).
As with most upstate rural counties, not a single Town Justice in the County of Schoharie is an attorney-at-law admitted to practice. In the experience of this County Court Judge — in both criminal and civil cases — Town Justices are simply not aware of the requirements for nor do they seem to know how to go about preparing either a return to an affidavit of errors in a criminal case or the minutes of the proceedings and a return in a civil case where stenographic minutes were *230 not taken and/or a tape recording was not made (see, People v Guernsey, 136 Misc 2d 791 [Schoharie County Ct 1987]). In addition, a part-time lay Town Justice generally lacks the resources to produce and prepare anything except handwritten minutes of the proceedings and/or a handwritten return to an affidavit of errors.
In my experience, more often than not the "court’s return” in a criminal appeal appears to have been prepared by the District Attorney’s office, and the "minutes of the proceedings” in a civil appeal appear to have been prepared by the attorney for the appellant. The Office of Court Administration is urged to include in the instruction and education of Town and Village Justices specific lectures and written materials relative to the Justice Court’s statutory duty to prepare minutes of proceedings and returns, including a sample format of minutes of proceedings and return in a civil case, as well as a "court’s return” where an affidavit of errors is filed in a criminal case.
CONCLUSION
Respondent landlord’s motion to dismiss this appeal from Justice Court, Town of Middleburgh, should be and the same hereby is denied.