OPINION OF THE COURT
Jerry J. Scarano, J.
On June 7, 2005, in the Saratoga Town Court, the defendant was convicted of criminal contempt in the second degree in violation of Penal Law § 215.50. He was sentenced to one year in the Saratoga County Jail. From that conviction and sentence, *333 the defendant filed a notice of appeal dated June 28, 2005. The defendant has filed a brief dated October 4, 2005, and a record on appeal.
By notice of motion dated November 7, 2005, the defendant moved for a stay of judgment pending determination of the appeal pursuant to Criminal Procedure Law § 460.50 and for an order of recognizance or bail during the pendency of appeal pursuant to Criminal Procedure Law § 530.50.
The People filed a responding brief and sought by notice of motion dated November 23, 2005 to dismiss defendant’s appeal or in the alternative oppose the relief sought by the defendant.
Oral argument was heard on December 1, 2005. For the reasons that follow, the motion to dismiss defendant’s appeal is granted.
This is an appeal of right from a judgment of a local criminal court in which the underlying proceedings were not recorded by a court stenographer. The necessary procedure for taking such an appeal is set forth by statute, Criminal Procedure Law § 460.10 (3). Where, as here, a notice of appeal is filed in the local criminal court, “the appellant must serve a copy thereof upon the respondent . . . and within thirty days after the filing thereof, must file with such court an affidavit of errors.” (CPL 460.10 [3] [a].) The appellant then “must” serve a copy of the affidavit of errors upon the District Attorney within three days after its filing in the local criminal court. (CPL 460.10 [3] [b].) “Upon filing and service of the affidavit of errors as prescribed in paragraphs (a) and (b), the appeal is deemed to have been taken.” (CPL 460.10 [3] [c].)
The appellant concedes that, in this case, an affidavit of errors was never filed with the local criminal court and never served on the District Attorney.
In this case of apparent first impression under Criminal Procedure Law § 460.10 (3), the failure to file and serve an affidavit of errors, subsequent and in addition to the filing and service of a notice of appeal, as required by Criminal Procedure Law § 460.10 (3) (a) and (b) is a jurisdictional defect as under Criminal Procedure Law § 460.10 (3) (c), the appeal was never taken. Noncompliance with the statute cannot be excused under Criminal Procedure Law § 460.10 (6). Accordingly, the People’s motion is granted and the defendant’s appeal is dismissed. (People v Duggan, 69 NY2d 931 [1987].)