*699 OPINION OF THE COURT
Martin E. Smith, J.
The defendant appeals from the decision and order denying a motion pursuant to Criminal Procedure Law article 440 entered in the City of Binghamton Court (Lehmann, J.) on July 10, 2009. On August 7, 2009, the defendant applied to this court for leave to appeal. On March 19, 2010, this court issued an order and certificate granting leave to appeal and the defendant was directed to take the appeal consistent with the provisions of Criminal Procedure Law § 460.10. The defendant served a notice of appeal on City Court and the District Attorney on March 25, 2010. The court received the certified record on appeal and an original and one copy of the appellant’s brief and appendix on November 15, 2010.
By letter dated December 17, 2010, the court notified the appellant that he was required to submit an affidavit of errors to take this appeal since the proceeding below was not stenographically recorded. The court requested argument regarding whether this appeal was properly taken, and if not, whether there was sufficient basis to allow an extension of time to take the appeal. The defendant timely submitted a response on January 12, 2011, and included an affidavit of errors.[1] The People have submitted neither their response brief, nor a response to the defendant’s January 12th motion. The court need not wait for the People’s position to issue its ruling.
The presence of a court stenographer, or lack thereof, determines how a criminal appeal is taken from a local criminal court. Where the proceedings were “recorded by a court stenographer” the appeal is deemed taken upon the proper filing of the notice of appeal (CPL 460.10 [2]). On the other hand, an appeal from a local criminal court where the proceedings were not “recorded by a court stenographer” is deemed taken when the affidavit of errors is filed in that court (CPL 460.10 [3] [c]).
The phrase “recorded by a court stenographer” is not specifically defined by statute. The defendant asserts that the recording of proceedings using a four-track tape system approved by the Office of Court Administration, and the verbatim transcription by a court-hired transcriber, is the equivalent of a recording by a court stenographer. In order to determine *700 whether the defendant’s position finds support in the language of CPL 460.10, the court turns first to the rules of statutory construction.
“The primary consideration of the courts in the construction of statutes is to ascertain and give effect to the intention of the Legislature” (McKinney’s Cons Laws of NY, Book 1, Statutes § 92 [a]). The clearest indication of legislative intent is the statutory language itself (People v Robinson, 95 NY2d 179, 182-183 [2000]). If the terms have “a definite meaning, which involves no absurdity or contradiction, there is no room for construction and courts have no right to add to or take away from that meaning” (Tompkins v Hunter, 149 NY 117, 123 [1896]). A court may not “legislate under the guise of interpretation” (People v Finnegan, 85 NY2d 53, 58 [1995]).
“[RJecorded by a court stenographer,” as used in CPL 460.10, is neither complex nor ambiguous in its meaning. The phrase means quite simply that the proceedings are contemporaneously set down in verbatim writing by a court reporter designated by the court. If the Legislature had intended otherwise, they might well have used the language “recorded and transcribed” or, deferring to the courts, “recorded in a manner authorized by the Chief Administrative Judge.” They did not. Put simply, there is no room for construction; this court cannot arrogate a power that resides solely with the Legislature.
The court notes well that other courts and agencies have interpreted “recorded by a court stenographer” to include mechanical, electronic, or digital recording (see People v Guernsey, 136 Misc 2d 791, 792 [Schoharie County Ct 1987]). This interpretation is based on the erroneous premise that defining “recorded by a court stenographer” is a purely administrative exercise. To be sure, the Chief Judge of the State of New York, and where delegated the Chief Administrative Judge, has broad plenary powers to administer and operate the Unified Court System for the state (NY Const, art VI, § 28). This administrative function includes the power to regulate “the manner and method of recording judicial proceedings” (Bloom v Crosson, 183 AD2d 341, 344 [3d Dept 1992], affd 82 NY2d 768 [1993]). Furthermore, the Chief Administrative Judge may exercise authority where specifically provided by law (see Matter of Morgenthau v Cooke, 56 NY2d 24, 32 [1982]).
Judiciary Law § 290-a, enacted in 1995, legislatively authorized the Chief Administrator of the Courts to implement mechanical recording in certain courts. Once the law expired in *701 1999, the Chief Administrative Judge began exercising complete administrative discretion and expanded the use of mechanical recording in lieu of stenographers (see Stashenko, Senate Bill Would Limit OCA’s Use of Court Recording Devices, NYU, May 19, 2008, at 1, col 4). In 2008 for example, the Chief Administrative Judge promulgated a rule that required mechanical recording of any proceedings in town or village justice courts (Administrative Order of the Chief Administrative Judge of the Courts, No. AO/245/08 [May 21, 2008]). The number of courts in which mechanical recording has supplanted the use of a stenographer continues to increase.[2] Thus, there is ample administrative authority that a transcript generated from a mechanical recording can constitute the record on appeal. However, what constitutes the record on appeal is not the critical question, rather it is: “When is a criminal appeal deemed taken?”
Only in criminal appeals taken from a local criminal court to a county court or appellate term of the supreme court does how the record was made have a jurisdictional impact. The right to appeal in criminal cases is determined exclusively by statute (Matter of State of New York v King, 36 NY2d 59 [1975]). Any procedural requirement must be adhered to strictly (see People v Colwell, 103 AD2d 169, 171 [3d Dept 1984]). The failure to comply with applicable appellate procedure is a jurisdictional defect and results in dismissal of the appeal (see People v Duggan, 69 NY2d 931 [1987] [affirming dismissal of an appeal where the People filed an affidavit of errors instead of a notice of appeal as required]; see also People v Woodruff, Broome County Ct, Aug. 23, 2007, Smith, J., index No. N-2493 [holding that the failure to timely file an affidavit of errors is a jurisdictional defect]; and see People v Pratt, 11 Misc 3d 332 [Saratoga County Ct 2005] [holding that failure to serve an affidavit of errors on the District Attorney is also a jurisdictional defect]). Whether an appeal from a local criminal court is properly taken, and thereby provides the appellate court with jurisdiction, turns then on whether the underlying proceedings were “recorded by a stenographer,” not whether a sufficient record can be prepared.
If the definition of “recorded by a stenographer” is to be expanded to include a transcript generated from a mechanical *702 or other recording, it falls solely to the Legislature to do so. The Legislature would do well to amend CPL 460.10 to harmonize the statutory language with the judicially mandated practice in local criminal courts and thereby facilitate the timely consideration of criminal appeals from those courts.
Therefore, the court holds that where proceedings are not recorded by a court stenographer physically present in the courtroom at the time, any appeal of those proceedings must be taken in accordance with CPL 460.10 (3) with the filing of an affidavit of errors. This holding is not a novel one. This court noted more than 30 years ago that “there is no statutory authority for substituting the transcription of electronically recorded minutes for either the minutes of a court stenographer or the return prepared by the trial court” (People v Knight, 116 Misc 2d 581, 583 [Broome County Ct 1982]). In People v Deming, the court warned that holding that “court stenographer,” as used in CPL 460.10, included an electronic tape recorder would “do extreme violence to the commonly understood meaning of the term and would undoubtedly create havoc amongst the Justice Courts of the State.” (80 Misc 2d 53, 54-55 [Albany County Ct 1974].) The Legislature has not modified the relevant statutory language since Deming. To the extent that People v Guernsey holds that “electronically tape recorded” is the functional equivalent of a court stenographer, this court declines to follow it (Guernsey at 792).
Having found that this appeal must be taken pursuant to CPL 460.10 (3), the court must next determine whether the defendant’s failure to file an affidavit of errors until January 12, 2011 may be excused. A court has no authority to extend the time period for taking an appeal, except as provided by CPL 460.30 (see People v Baez, 49 AD2d 863 [1st Dept 1975]). An extension of time may be permitted where the defendant can establish that the failure to timely file resulted from:
“(a) improper conduct of a public servant or improper conduct, death or disability of the defendant’s attorney, or (b) inability of the defendant and his attorney to have communicated, in person or by mail, concerning whether an appeal should be taken, prior to the expiration of the time within which to take an appeal due to defendant’s incarceration in an institution and through no lack of due diligence or fault of the attorney or defendant.” (CPL 460.30 [1].)
*703 The court finds that the failure of defense counsel to properly take the appeal amounts to improper conduct under CPL 460.30 (1) (a). The defendant’s appeal is deemed taken as of January 12, 2011, and the defendant is granted 30 days from today to perfect the appeal pursuant to CPL 460.70 (2).

. The affidavit of errors, although late, was otherwise properly served on both the City of Binghamton Court and the Broome County District Attorney’s Office.

. To illustrate, recording devices have been introduced in the New York City Criminal Courts due to the early retirement of court reporters in New York City (see Wise, Retirement of Reporters Prompts Introduction of Recording Devices, NLYJ, Nov. 5, 2010, at 1, col 3).