OPINION OF THE COURT
Robert B. Wiggins, J.
L
This is a justice court appeal that was calendared for control to determine whether the appeal should be dismissed for failure to prosecute. This matter was originally brought by claimant-respondent, Tanya Cash, in the Conesus Town Court to recover a security deposit allegedly owed by defendant-appellant, Sheryle Maggio. Following two days of hearing, the Conesus Town Court entered a judgment on May 23, 2012 in favor of plaintiff in the amount of $600. Notably, the hearings were not recorded by a stenographer, but, rather, an electronic audio recording of the proceeding was made. On June 20, 2012, appellant filed a notice of appeal with the Livingston County Clerk, and contemporaneously served a copy upon respondent. Thereafter, disagreements and confusion between the appellant and the Conesus Town Court Clerk arose over the proper perfection of the appeal. Appellant was told, by the Town Clerk as well as the Livingston County Supreme and County Clerk, that she needed to obtain a transcript of the proceedings, at her cost, in order to perfect the appeal. Further disputes arose over whether appellant was entitled to a copy of the audio CD, in order to have it transcribed, as well as over payment for the CD and where it should be delivered, and these disputes led to considerable delay before transcripts were actually obtained at the end of September 2012. There is some dispute over whether this delay is attributable to appellant’s own conduct, but, in light of other controlling legal issues as set forth below, that issue need not be resolved. It is undisputed that the court below, as well as the Livingston County Supreme and County Clerk’s office, believed that the proper mode of perfecting this appeal was pursuant to those subdivisions of Uniform Justice Ct Act § 1704 applicable to proceedings where “minutes were taken by a stenographer” (§ 1704 [a] [2] [i]). That, however, was not the case; rather, the proceedings were electronically recorded, and *973 “stenographic minutes were not taken” (§ 1704 [a] [1]). Accordingly, in order for the appeal to be perfected, it was incumbent upon the Conesus Town Court Clerk in the first instance, not appellant, to prepare the minutes of the proceedings (see id.). That was never done and, given the understandable confusion of both the lower court and the Court Clerk’s office as to the proper mode of perfection, this court can not deem appellant responsible for the failure (see generally Dolen v Pitt, 145 Misc 2d 227 [Schoharie County Ct 1989]).
IL
Perfection of justice court appeals is governed primarily by Uniform Justice Ct Act § 1704, which provides:
“(a) 1. When an appeal has been taken, the stenographer’s original transcript of minutes, if such minutes were taken, must be furnished to the clerk within ten days after the fees therefor have been paid. If testimony was given but stenographic minutes were not taken, the clerk shall prepare minutes of the proceedings within thirty days after the filing of the notice of appeal, such minutes to consist of a statement sufficiently descriptive of the testimony to make possible appellate review. Immediately upon receipt or preparation of the minutes, the clerk shall cause notice of that fact to be sent to the attorney for the appellant, or to the appellant if he or she has not appeared by attorney. If the clerk has prepared the minutes, he or she also shall cause copies thereof to be served upon the attorneys for the appellant and the respondent, or upon the appellant and the respondent if they do not appear by attorney.
“2. (i) If minutes were taken by a stenographer, within fifteen days of receipt of a copy of the stenographic transcript of the minutes, the appellant or the appellant’s attorney shall make any proposed amendments and cause them to be served, together with a copy of the transcript, on the attorney for the respondent, or on the respondent if he or she has not appeared by attorney. Within fifteen days after receipt of such service, the respondent or the respondent’s attorney shall make any objections to the amendments proposed by the appellant and make such further proposed amendments to the transcript as are deemed necessary, and cause them *974 to be served on the attorney for the appellant, or on the appellant if he or she has not appeared by attorney.
“(ii) If the clerk prepared the minutes, within fifteen days after the date of receipt of a copy of such minutes, the attorneys for the appellant and the respondent, or the appellant and the respondent if they have not appeared by attorney, shall forward to the court any proposed amendments to the minutes.
“3. The appellant or his or her attorney shall then procure the case to be settled on a written notice of at least four days to the clerk and to the attorney for the respondent or to the respondent if he or she has not appeared by attorney, returnable before the justice who tried the case. The clerk shall thereupon prepare a return, which shall contain the summons or notice of petition, pleadings, evidence, judgment or order, notice of appeal, opinion of the court, if any, and all other papers necessary for appellate review of the judgment or order appealed from. Within five days after the return day of the notice to settle the case, the justice shall settle the same and indorse his or her settlement on the return. In lieu of the justice settling the case and indorsing his or her settlement on the return, the parties may stipulate that the transcript (or the minutes prepared by the clerk, if appropriate) together with the proposed amendments, if any, and all other elements of the return are correct. The clerk shall thereupon cause the return to be filed with the clerk of the appellate court.
“(b) Where no testimony was taken, the return shall be filed with the clerk of the appellate court within ten days after the filing of the notice of appeal. Such return shall consist of the same papers and proceedings specified in subdivision (a), except for the minutes therein described. The authenticity of such papers shall be certified by the clerk.
“(c) Upon an appeal from an order granting or denying a motion for a new trial upon the ground of fraud or newly discovered evidence, the minutes of the trial, as described in subdivision (a), shall be included in the return and the provisions of that subdivision shall apply to such an appeal.”
As can be seen, under this section, there are two separate tracks for perfecting civil appeals from justice courts, depending *975 on whether “minutes were taken by a stenographer” in the Justice Court (§ 1704 [a] [2] [i]), or whether “testimony was given but stenographic minutes were not taken” (§ 1704 [a] [1]). Where there are stenographic minutes, the initial burden is on the appellant to begin the process by ordering and paying for a transcript. Where there are no stenographic minutes, the initial burden is on the justice court clerk to “prepare minutes of the proceedings within thirty days after the filing of the notice of appeal, such minutes to consist of a statement sufficiently descriptive of the testimony to make possible appellate review” (§ 1704 [a] [1]). On the stenographic track, once the minutes are received, the clerk notifies the appellant, who begins the process of settling the transcript. On the non-stenographic track, once the clerk prepares the minutes, the clerk notifies the appellant and also must “cause copies [of the minutes] to be served upon the attorneys for the appellant and the respondent, or upon the appellant and the respondent if they do not appear by attorney” (§ 1704 [a] [1]).
Notably, while criminal cases do not follow the exact same perfection process, the Criminal Procedure Law makes a virtually identical distinction between cases “in which the underlying proceedings were recorded by a court stenographer” (CPL 460.10 [2]) and those “in which the underlying proceedings were not recorded by a court stenographer” (CPL 460.10 [3]). The distinction in criminal cases is even more crucial, because it determines not just the route for perfecting the appeal, but for actually taking the appeal, and appellate courts have much more “discretion to forgive defects and extend time” with respect to the perfecting phase, as opposed to the taking phase, where there is less “leeway” (Siegel, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Part 2, Uniform Justice Ct Act § 1704).
As set forth above, the Town Court proceedings in this case were not transcribed by a court stenographer. Rather, the proceedings were recorded electronically, and an audio CD was made. This is an entirely proper mode of proceeding. 22 NYCRR 30.1, promulgated in 2006, expressly authorizes “[t]he chief administrator of the courts [to] require the mechanical recording of testimony and of other proceedings in cases in a town or village justice court” (although the regulation also preserves the right of “the court or any litigant therein to employ a stenographer to take minutes of such proceedings manually”). And in 2008, the Chief Administrative Judge issued Administrative *976 Order 245/08 (AO 245/08), which “require[s] each town and village court of the Unified Court System to mechanically record all proceedings that come before that court.”
The question then becomes what appeal perfection track (i.e., stenographic or non-stenographic) applies when audio recording is used. The plain language of the Uniform Justice Ct Act would point to the non-stenographic track, since no “minutes were taken by a stenographer” where the proceedings are recorded electronically. On the other hand, audio recording could be regarded as the functional equivalent of “minutes . . . taken by a stenographer,” particularly in light of the regulation and Administrative Order allowing (and apparently now requiring) such recording, in which case, the stenographic appeal track would make sense. There are four cases in New York that have touched on the issue, and they are split evenly. The three that are most directly on point are criminal cases but, as set forth above, the CPL has a virtually identical distinction between stenographically and non-stenographically recorded cases for purposes of appeal.
In People v Bartholomew (31 Misc 3d 698, 702 [Broome County Ct 2011]), the court held that “where proceedings are not recorded by a court stenographer physically present in the courtroom at the time,” the appeal must be taken on the non-stenographic track provided by CPL 460.10 (3). The court rejected the defendant’s argument that recording the proceedings with an Office of Court Administration (OCA) approved system was the equivalent of stenographic transcription, reasoning that the plain language of the statute did not allow such a construction:
“The clearest indication of legislative intent is the statutory language itself. If the terms have ‘a definite meaning, which involve[ ] no absurdity or contradiction, there is no room for construction, and courts have no right to add to or take away from that meaning.’ A court may not ‘legislate under the guise of interpretation.’
“ ‘[R]ecorded by a court stenographer,’ as used in CPL § 460.10, is neither complex nor ambiguous in its meaning. The phrase means quite simply that the proceedings are contemporaneously set down in verbatim writing by a court reporter designated by the court. If the Legislature had intended otherwise, they might well have used the language ‘recorded *977 and transcribed’ or, deferring to the courts, ‘recorded in a manner authorized by the Chief Administrative Judge.’ They did not. Put simply, there is no room for construction; this court cannot arrogate a power that resides solely with the Legislature” (id. at 700 [citations omitted]; see also Glass v Regency Park Assoc., 100 Misc 2d 179 [White Plains City Ct 1979] [holding that, where small claim in City Court was tape recorded, there was no stenographic transcript, but return could be properly made pursuant to CPLR provision applying when no stenographic transcript is made]).
By contrast, in People v Schumacher (35 Misc 3d 1206[A], 2012 NY Slip Op 50591[U], *4 [Sullivan County Ct 2012]), the court declined to follow Bartholomew and held that “for purposes of taking an appeal pursuant to CPL § 460, a mechanical recording is equivalent to a stenographic record taken by a stenographer.” The Schumacher court reasoned that “[t]o hold otherwise would undermine the spirit of the Chief Administrative Judge’s Order of 2008, which clearly seeks to transition the New York State Unified Court System from a cumbersome and time consuming procedural system for local courts to a modernized and streamlined process” (id.; see also People v Guernsey, 136 Misc 2d 791, 792 [Schoharie County Ct 1987] [“where the underlying proceedings are electronically tape recorded, such record becomes the functional equivalent of a court stenographer”]).
As much as audio recording may seem like the functional equivalent of stenographic transcription, this court agrees with the Bartholomew court that the plain language of Uniform Justice Ct Act § 1704, like CPL 460.10, mandates that cases recorded electronically should, for appeal purposes, be perfected on the non-stenographic track. While AO 245/08 now purports to require electronic recording of all Justice Court proceedings, it does not purport to dictate that such electronically recorded proceedings proceed on the stenographic appeal track. Indeed, such a conclusion would actually be contrary to the intent of 22 NYCRR 30.1 and AO 245/08, which is to eliminate the costs of stenographic transcription. If mechanically recorded appeals are put on the stenographic track, then a stenographic transcript will have to be prepared — which is exactly what these OCA directives were meant to eliminate. As more fully set forth below, having such appeals proceed on the non-stenographic track will eliminate the costs of transcription. Thus, contrary to *978 the Schumacher court’s conclusion, at least in civil cases, placing such appeals on the non-stenographic track is actually more in keeping with the intent of the OCA regulation than placing them on the stenographic track would be.
Even if OCA intended that electronically recorded proceedings be treated as though they were stenographically recorded, OCA cannot change the interpretation to be given to section 1704. It is hornbook law that an administrative agency may not contravene the plain meaning of a statute (see Matter of Lighthouse Pointe Prop. Assoc. LLC v New York State Dept. of Envtl. Conservation, 14 NY3d 161, 176 [2010] [“where ‘the question is one of pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent, there is little basis to rely on any special competence or expertise of the administrative agency and its interpretive regulations are therefore to be accorded much less weight. And, of course, if the regulation runs counter to the clear wording of a statutory provision, it should not be accorded any weight’ ”]). Moreover, 22 NYCRR 30.1, which authorized Administrative Order 245/08, expressly contemplates that, despite the availability of electronic recording, litigants and courts may still have proceedings steno-graphically transcribed. Accordingly, the administrative regulation itself continues to distinguish mechanical (i.e., audio) recording from stenographic transcription.
In addition, requiring that appeals from electronically recorded proceedings be perfected using the non-stenographic track should not prove a hardship to the courts or litigants. Indeed, just the opposite should be true. In the civil context, placing such appeals on the non-stenographic track simply means that, in the first instance, the court clerk will have to prepare the minutes, and serve copies of them upon both the appellant and respondent. This could be done by simply making an original audio compact disc (CD) (which will have to be done in any event), indicating in a signed “statement” (Uniform Justice Ct Act § 1704 [a] [1]) that the CD constitutes the minutes of the proceedings, and serving the statement, along with copies of the CD, on both parties. The cost involved would be trivial. At that point, the appellant and respondent would have 15 days to “forward to the court any proposed amendments to the minutes.” (§ 1704 [a] [2] [ii].) This could be done by simply indicating where, with reference to the time code on the CD, there are places on the CD that are inaudible or otherwise disputed, and indicating what each party believes is *979 said at each particular point. This would save the parties the cost of procuring an actual transcript as well. If there are no disputed portions of the CD, the parties could simply stipulate to the correctness of the minutes as contained on the CD, and the clerk could then file the return on appeal with the County Clerk without further judicial involvement (see Uniform Justice Ct Act § 1704 [3]).
Accordingly, this court holds that appeals of proceedings that were electronically recorded must proceed on the non-stenographic track. This result is consistent with both the plain meaning of Uniform Justice Ct Act § 1704 and the spirit and intent of the OCA regulations.
in.
In this case, through no fault of appellant, but, rather, based upon the understandable confusion of various actors, including the Conesus Town Court Clerk, with respect to the proper method of perfecting this appeal, the Court Clerk did not properly prepare a return. “[T]he failure by the Justice Court ... to comply with the mandatory procedure set forth in UJCA 1704 (a) should not and cannot result in a dismissal of the appeal based upon appellant’s failure to prosecute” (Dolen, 145 Misc 2d at 229). In addition, while appellant filed the notice of appeal with the County Clerk rather than the Conesus Town Court (see CPLR 5515), because the notice was timely served upon respondent, this defect may be overlooked (see CPLR 5520) and, under the circumstances presented, it should be.
At oral argument, the parties indicated that they may be willing to stipulate that the transcripts obtained by appellant are correct and constitute the minutes on appeal. It is, of course, a perfectly allowable procedure for the parties to stipulate to the minutes and return on appeal (see Uniform Justice Ct Act § 1704 [3]), and, indeed, it is a procedure to be encouraged. Accordingly, the parties will be given 10 days from the date of this order to file such a stipulation with the Conesus Town Court Clerk. If the parties do not so stipulate, however, the Court Clerk must begin the perfection process, as set forth above.
Accordingly, upon the court’s own motion, it is hereby ordered that the parties shall have 10 days from the date of this decision to file stipulations to the record on appeal with the Conesus Town Court Clerk; and it is further ordered that, if such stipulations are not filed, then within 30 days of the date of this decision and order, the Conesus Town Court Clerk shall prepare *980 the minutes of the proceedings and provide copies to the parties pursuant to Uniform Justice Ct Act § 1704 (a) (1); and it is further ordered that plaintiff shall thereafter follow the proper procedures for perfecting the appeal as set forth in Uniform Justice Ct Act § 1704, and any other pertinent laws or regulations, and that all steps necessary for perfection of the appeal be completed within 30 days of receipt of the minutes from the Court Clerk.