OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
Defendant was initially charged, by simplified traffic informations, with driving while ability impaired in violation of Vehicle and Traffic Law § 1192 (1) and driving across hazard markings in violation of Vehicle and Traffic Law § 1128 (d), respectively. After his motion to dismiss the simplified traffic informations upon the ground of facial insufficiency, due to an alleged failure to file and serve a supporting deposition (see CPL 100.40 [2]; 170.30 [1] [a]; 170.35 [1] [a]), was denied, defendant pleaded guilty to driving while ability impaired in satisfaction of both charges. On appeal, he argues that his motion to dismiss should have been granted. In their respondent’s brief, the People raise, among other things, a threshold issue that defendant has not properly taken this appeal because the proceedings were not recorded by a court stenographer and, thus, defendant was required to, but did not, file and serve an affidavit of errors.
The taking of an appeal as of right to a county court or an appellate term of the supreme court from a judgment of a local criminal court “in a case in which the underlying proceedings were recorded by a court stenographer” is governed by CPL 460.10 (2). In the event that such proceedings were not recorded by a court stenographer, the taking of an appeal is governed by CPL 460.10 (3), which requires the filing and service of an affidavit of errors. In this case, the proceedings were electronically recorded, as required by Administrative Order of the Chief Administrative Judge of the Courts AO/245/08, and then transcribed. The People argue that, since the proceedings were not recorded by a court stenographer, defendant was required to take his appeal pursuant to CPL 460.10 (3) and that, since he sought to take the appeal pursuant to CPL 460.10 (2), the appeal was not properly taken. As we are of the view that the process of recording court proceedings electronically is the functional equivalent of a “recording] by a court stenogra *43 pher,” we hold that defendant properly took his appeal pursuant to CPL 460.10 (2) (see People v Schumacher, 35 Misc 3d 1206[A], 2012 NY Slip Op 50591[U] [Sullivan County Ct 2012]; but see People v Bartholomew, 31 Misc 3d 698 [Broome County Ct 2011]).
Where a defendant is charged with Vehicle and Traffic Law violations by simplified traffic informations, and makes a timely request for supporting depositions, he is entitled as of right to supporting depositions, i.e., verified statements containing factual allegations supplementing those contained in the simplified informations which support or tend to support the charges (see CPL 100.20, 100.25 [2]). Here, however, defendant’s request for a supporting deposition was untimely, and therefore defendant’s motion was properly denied (see People v Garrido-Sanchez, 39 Misc 3d 137[A], 2012 NY Slip Op 52468[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]).
Accordingly, the judgment of conviction is affirmed.
Nicolai, PJ., LaSalle and Tolbert, JJ., concur.