OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is reversed, as a matter of discretion in the interest of justice, and the accusatory instrument is dismissed.
Defendant was arrested on October 14, 2011, at the Orange County courthouse, after he allegedly refused to comply with the directions of a court officer to remove his “do-rag” head covering. Defendant allegedly loudly used profanity and struggled with several court officers. After a jury trial, defendant was convicted of resisting arrest (Penal Law § 205.30) and disorderly conduct (Penal Law § 240.20 [3]).
The People’s threshold contention that the appeal was not properly taken and should be dismissed because defendant did not file an affidavit of errors in accordance with CPL 460.10 (3) is without merit (see People v Finklea, 41 Misc 3d 41 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]).
Defendant failed to preserve for appellate review his claim that his guilt of both disorderly conduct and resisting arrest was not proved beyond a reasonable doubt as he failed to move to dismiss the charges at the close of all of the evidence (see CPL 470.05 [2]; People v Kolupa, 13 NY3d 786, 787 [2009]; People v Hines, 97 NY2d 56, 62 [2001]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish defendant’s guilt of disorderly conduct and resisting arrest beyond a reasonable doubt. With respect to disorderly conduct (Penal Law § 240.20 [3]), defendant’s disruptive behavior recklessly created a substantial risk of a potential or immediate public problem (see People v Clarke, 34 Misc 3d 159[A], 2012 NY Slip Op 50438[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]). Defendant’s “disruptive state- *73 merits and behavior were of a public rather than an individual dimension,” and, considering the context of the incident, which occurred during a weekday morning in the Orange County courthouse, there was “adequate proof of public harm” (People v Baker, 20 NY3d 354, 359-360 [2013]).
To the extent defendant’s motion, made after the close of the People’s case, sought dismissal of the disorderly conduct charge, it did not specify his claim that the First Amendment right of expression (see US Const 1st Amend; NY Const, art I, § 8) protected his conduct, which he raises for the first time on appeal. Thus, his motion with respect to the conviction of disorderly conduct failed to preserve the issue (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 19 [1995]; People v Muriel-Herrera, 68 AD3d 1135, 1136 [2009]). In any event, defendant’s First Amendment claim is without merit (see People v Perkins, 150 Misc 2d 543 [App Term, 2d Dept, 9th & 10th Jud Dists 1991]; see also People v Shack, 86 NY2d 529, 535 [1995]).
The evidence further established beyond a reasonable doubt that defendant’s arrest was based on probable cause in that the officers believed that defendant had committed the crime of disorderly conduct, and that he had intentionally prevented or attempted to prevent a peace officer “from effecting an authorized arrest of himself’ (Penal Law § 205.30; see People v Myrick, 10 Misc 3d 138[A], 2005 NY Slip Op 52197[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2005]; People v Warmbrand, 4 Misc 3d 132[A], 2004 NY Slip Op 50728[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2004]).
However, defendant’s conviction must be reversed due to multiple deficiencies in the trial court’s charge regarding the presumption of innocence, reasonable doubt, and the elements of the crime of resisting arrest. Although these errors were not preserved for appellate review (see CPL 470.05 [2]), we reach them under the circumstances of this case in the exercise of our interest of justice jurisdiction (see CPL 470.15 [3] [c]; People v Cotterell, 7 AD3d 807 [2004]; People v Guzman, 164 AD2d 828, 828-829 [1990]).
The trial court failed, in its final charge, to instruct the jury regarding the presumption of innocence, to explain the reasonable doubt standard, and to define or explain the meaning of “authorized arrest” as it relates to the crime of resisting arrest. These omissions constitute reversible error. The court had indicated, during jury selection, that it would provide instructions regarding reasonable doubt at a later time, but it did not *74 do so. Moreover, during its final charge regarding the elements of resisting arrest, the court told the jury that it would “now give you the meaning” of the term “authorized arrest,” but it failed to do so.
The presumption of innocence and the requirement that a defendant’s guilt be proved beyond a reasonable doubt are two of “the fundamental legal principles applicable to criminal cases in general” (CPL 300.10 [2]), and the pattern criminal jury instructions require a court to define or explain the term “authorized arrest” when charging the jury as to resisting arrest (see CJI2d[NY] Penal Law § 205.30). Under the circumstances of this case, “it cannot be said that there is no significant probability that the verdict would have been different absent these errors” (People v Montoya, 63 AD3d 961, 965-966 [2009]). The People’s contention, that the judgment need not be reversed because the trial court provided the jury with the correct standards by instructing prospective jurors regarding the burden of proof and reasonable doubt at the beginning of jury selection and because its resisting arrest charge as a whole followed the pattern criminal jury instructions, is without merit (cf. People v Medina, 18 NY3d 98, 104-106 [2011]).
As defendant has served his sentence, as a matter of discretion, we do not order a new trial but dismiss the accusatory instrument (see People v Dreyden, 15 NY3d 100, 104 [2010]; People v Flynn, 79 NY2d 879, 882 [1992]; People v Khan, 31 Misc 3d 130[A], 2011 NY Slip Op 50580[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]).
In light of our determination, we need not reach defendant’s claim regarding the court’s Sandoval determination (see People v Sandoval, 34 NY2d 371 [1974]).
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
Nicolai, PJ., Iannacci and Tolbert, JJ., concur.