This memorandum is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------

No. 111
The People &c.,
          Respondent,
        v.
Cleveland Lovett,
          Appellant.


          Margaret E. Knight, for appellant.
          Nicole Coviello, for respondent.


MEMORANDUM:

On defendant's appeal from so much of the order of the Appellate Division as affirmed Supreme Court's order denying defendant's motion for resentencing, the appeal should be dismissed; and the order otherwise appealed from should be affirmed.

- 1 -

On May 29, 2003, defendant Cleveland Lovett was convicted of criminal possession of a controlled substance in the first and third degrees (Penal Law §§ 220.21; 220.16) and first-degree reckless endangerment (Penal Law § 120.25) in connection with a high-speed car chase on the West Side Highway in Manhattan; on August 19, 2003, he was sentenced to an aggregate term of imprisonment of 27⅓ years to life. On June 10, 2005, defendant, represented by new counsel, moved pursuant to CPL 440.10 to vacate the judgment. He claimed that his attorney was ineffective because of a failure to object to portions of the final jury charge relating to the People's burden of proof. That same day, defendant also applied for resentencing under the 2004 Drug Law Reform Act (2004 DLRA). Supreme Court denied both motions.

Defendant appealed both the judgment of conviction and sentence and the orders denying his two post-judgment motions. The Appellate Division, with two Justices dissenting, modified the judgment in one respect, not relevant to this appeal, and otherwise affirmed the judgment and the two orders (116 AD3d 428 [1st Dept 2014]). A dissenting Justice granted defendant permission to appeal to us.

Defendant again argues that he should have been resentenced pursuant to the 2004 DLRA. "It is well established that no appeal lies from a determination made in a criminal proceeding unless specifically provided for by statute," and

courts "may not resort to interpretative contrivances to broaden the scope and application of statutes" governing the availability of an appeal (People v Pagan, 12 NY3d 386, 370 [2012]).  In People v Bautista (7 NY3d 838 [2006]), we held that no statutory provision authorizes a defendant to appeal from an Appellate Division order affirming the denial of the defendant's resentencing application pursuant to the 2005 Drug Law Reform Act (id. at 838-839).  The 2004 DLRA includes similar language relating to appeals; accordingly, no appeal lies from an order of the Appellate Division affirming the denial of a resentencing application under the 2004 DLRA (see People v Sevencan, 12 NY3d 388, 389 [2009] [dismissal of criminal leave application authorized for publication by the Court]).  Faced with this barrier to our review, defendant contends that the Appellate Division's consolidation of the order denying resentencing with other, appealable orders, transformed the nonappealable order into one that we may consider.  We disagree.  The Appellate Division's authority to consolidate appeals stems from its inherent authority to administer and manage its proceedings.  The Appellate Division's use of this inherent authority does not expand or modify the scope of our jurisdiction, which is established by statute.

Defendant also again argues that Supreme Court's instructions about the People's burden of proof were confusing and misleading, and that his attorney was ineffective because he

failed to object.  In light of the precedent existing at the time of trial, however, the error in the court's jury instructions, if any, was not so obvious that any reasonable lawyer would have objected.  Defendant's remaining claims, raised for the first time on appeal to us, are unpreserved for our review.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

On defendant's appeal from so much of the order of the Appellate Division, First Department, as affirmed the order of Supreme Court, New York County, denying defendant's motion for resentencing, appeal dismissed; order otherwise appealed from affirmed, in a memorandum.  Chief Judge Lippman and Judges Read, Pigott, Rivera, Abdus-Salaam, Stein and Fahey concur.

Decided June 25, 2015