This opinion is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------------

No. 103
The People &c.,
            Appellant,
        v.
Glenn S. Smith,
            Respondent.
-----------------------
No. 104
The People &c.,
            Respondent,
        v.
Norman E. Ramsey,
            Appellant.

Case No. 103:
        Andrew R. Kass, for appellant.
        Richard N. Lentino, for respondent.

Case No. 104:
        Robert N. Gregor, for appellant.
        Brandon P. Rathbun, for respondent.

DIFIORE, Chief Judge:

        At issue in both appeals here is whether CPL 460.10

requires a defendant who was convicted in a local court, which is

not designated by law as a court of record and did not have a

- 1 -

court stenographer present during the proceedings, to submit an affidavit of errors in order to take an appeal to the intermediate appellate court.  In these cases, defendants failed to file an affidavit of errors and instead provided a transcript derived from an electronic recording of the underlying proceedings.  The intermediate appellate courts came to opposite conclusions in their respective cases as to whether an appeal had properly been taken within the meaning of the controlling statute.  We hold that the statutory language is plain, and an affidavit of errors is a jurisdictional prerequisite for the taking of an appeal from a local criminal court where there is no court stenographer.

I.

<u>People v Smith</u>

Defendant Smith was convicted -- upon a jury verdict in a village court -- of resisting arrest and disorderly conduct. The court employed an electronic recording device to record the trial proceedings and no court stenographer was present.  Smith filed a timely notice of appeal and provided as the record on appeal a transcript produced from the electronic recording; he did not file an affidavit of errors.  On appeal, the People argued that Smith's failure to file an affidavit of errors pursuant to CPL 460.10 (3) was a jurisdictional defect requiring dismissal.  The Appellate Term rejected the People's argument (43 Misc 3d 71 [App Term, 2d Dept, 9th and 10th Jud Dists 2014]),

citing its own 2013 decision in which it held that "the process of recording court proceedings electronically is the functional equivalent of a 'record[ing] by a court stenographer'" (People v Finklea, 41 Misc 3d 41, 42-43 [App Term, 2d Dept, 9th and 10th Jud Dists 2013]).  The Appellate Term then addressed the merits and reversed the judgment (43 Misc 3d at 73-74).  As Smith had already served his sentence, the court did not order a new trial but instead "dismiss[ed] the accusatory instrument" (id. at 74).

A Judge of this Court granted the People leave to appeal (24 NY3d 1005 [2014]).

### People v Ramsey

Defendant Ramsey pleaded guilty in Village Court to forcible touching.  In connection with the plea, Ramsey, the prosecutor, and the judge all signed a written "Trial Waiver and Plea Agreement," which set forth, among other things, the constitutional rights Ramsey was waiving by executing the plea agreement.  The plea proceeding was recorded electronically, without a court stenographer, and the recording was later transcribed.  Defendant provided that transcription as the record on appeal.  The transcript reflected a number of occasions where the transcriber could not identify the speaker or the substance of the speech, containing entries such as "Shuffling of papers - inaudible"; "Conversation between Mr. Ramsey, [defense counsel], and [the judge] and others"; and "A lot of talking all at once." Ramsey filed a timely notice of appeal, but failed to file an

affidavit of errors.  The People moved to dismiss the appeal.

County Court granted the People's motion to dismiss Ramsey's appeal, concluding that "CPL §460.10 draws [its] procedural distinction on who is taking down, keeping and providing the record on appeal[,]" which "is either the stenographer who actually recorded the proceedings or the Court that presided over them."  In either circumstance, "the record is provided by the person who was present at the time the proceedings were held."  According to the court, "holdings that audio recordings are the functional equivalent of stenographic transcripts [we]re belied by the record on this appeal" because the transcribed audio recording referenced numerous indiscernible conversations and was thus incomplete.  Given the gaps in the record, the court could not assess whether Ramsey's guilty plea was knowingly, voluntarily and intelligently entered.  County Court opined that that gap could have been filled by the court's return in response to an affidavit of errors, had one been filed.

A Judge of this Court granted Ramsey leave to appeal (26 NY3d 1010 [2015]).

                                II.

"[A] defendant's right to appeal within the criminal procedure universe is purely statutory" (People v Stevens, 91 NY2d 270, 278 [1998]).  CPL 460.10 contains the procedural requirements for the taking of a criminal appeal, and adherence to those requirements is a jurisdictional prerequisite for the

taking of an appeal (see People v Duggan, 69 NY2d 931, 932 [1987]).  CPL 460.10 provides two different procedures for "appeal[s] taken as of right to a county court or to an appellate term."  Where "the underlying proceedings were recorded by a court stenographer," an appellant is required to file a notice of appeal, and "the appeal is deemed to have been taken" "[u]pon filing and service of the notice of appeal" in the manner prescribed by the statute (see CPL 460.10 [1], [2]).  Where "the underlying proceedings were not recorded by a court stenographer[,] . . . the appellant must file," within 30 days, "either (i) an affidavit of errors, setting forth alleged errors or defects in the proceedings which are the subjects of the appeal, or (ii) a notice of appeal" (CPL 460.10 [3] [a]).  If the appellant chooses to file a notice of appeal, he or she must then file an affidavit of errors within 30 days of the filing of that notice (see CPL 460.10 [3] [a]).[*]  "[T]he appeal is deemed to have been taken" "[u]pon filing and service of the affidavit of errors as prescribed" (CPL 460.10 [3] [c]).

Following the filing of the affidavit of errors, the local criminal "court must file with the clerk of the appellate

---

[*] Under CPL 460.30 (1), an intermediate appellate court "may order that the time for the taking of [an] appeal . . . be extended" upon motion "of a defendant who desires to take an appeal . . . but has failed to file . . . an affidavit of errors . . . within the prescribed period."  Such relief may be granted only if failure to file the affidavit of errors resulted from certain enumerated circumstances (see id.).

court to which the appeal has been taken both the affidavit of errors and the court's return," which "must set forth or summarize evidence, facts or occurrences in or adduced at the proceedings resulting in the judgment, sentence or order, which constitute the factual foundation for the contentions alleged in the affidavit of errors" (CPL 460.10 [3] [d]).  This Court has held that the court's return can be "satisfied by the transcript of an electronic recording of" the underlying proceeding, where there is no argument that the affidavit of errors contained issues that could not be resolved by reference to the transcript or "that the transcript is in any way incomplete or inaccurate" (People v Robinson, 72 NY2d 989, 990 [1988]).

On its face, CPL 460.10 provides two divergent procedures for the taking of a criminal appeal from a local court, and their application is dependent on the presence or absence of a court stenographer at the underlying proceedings (see CPL 460.10 [1], [2], [3]).  Although CPL 460.10 does not provide a definition of court stenographer, article 9 of the Judiciary Law does, and it further defines the role of the stenographer in the proceedings.  According to the Judiciary Law, a stenographer is an officer of the court who must file a constitutional oath of office (see Judiciary Law §§ 290, 294). Each stenographer "must take full stenographic notes of the testimony and of all other proceedings" and "shall take complete stenographic notes of each ruling or decision of the presiding

judge, and when the trial is by jury each and every remark or comment of such judge during the trial" as well as the exceptions to each ruling (id. § 295).

In 2008, the Chief Administrative Judge of the State of New York issued a directive requiring the mechanical recording of all town and village court proceedings (Administrative Order of Chief Administrative Judge, 245/08, May 21, 2008). Importantly, neither court is designated by law as a court of record in the New York Constitution or the Judiciary Law (see NY Const art VI, § 1; Judiciary Law § 2). Consequently, there is no requirement for a court stenographer to be present.

In both cases now before this Court, defendants argue that a mechanical recording of proceedings in town or village justice courts should be deemed equivalent to a record taken by a court stenographer. Under their interpretation, their appeals were properly taken under CPL 460.10 (2), for which no affidavit of errors is required. The People counter that the plain language of CPL 460.10 compels a conclusion that defendants were required to file an affidavit of errors pursuant to CPL 460.10 (3) because no court stenographer was present for the underlying criminal proceedings. We hold that both appeals should have been dismissed for failure to comply with CPL 460.10 (3).

III.

CPL 460.10 is "free from ambiguity and express[es] plainly, clearly and distinctly the legislative intent"

(McKinney's Cons Laws of NY, Book 1, Statutes § 76), that, where the underlying proceedings are not recorded by a court stenographer, a defendant must file an affidavit of errors. Thus, defendants' failure to do so is a jurisdictional defect requiring dismissal.  The 2008 order of the Chief Administrative Judge of the State of New York requiring the mechanical recording of proceedings in town and village justice courts -- issued no doubt to enhance the record on appeal -- cannot amend or supplement the legislative scheme setting forth the requirements for taking an appeal.  That is a job for the legislature.  An electronic recording that fully captures the proceedings and is later transcribed may be incorporated in an affidavit of errors, or in the court's return, and filed as a proposed record on appeal (see Robinson, 72 NY2d at 990).  However, the filing of a record on appeal is distinct from the taking of the appeal, and a transcript will not fulfill the jurisdictional requirement of the filing of the affidavit of errors.

A contrary conclusion is belied by the plain language of the statute.  As noted, CPL 460.10 expressly distinguishes between proceedings "recorded by a court stenographer" and proceedings that are not (see CPL 460.10).  Read in conjunction with the provisions of the Judiciary Law, defining court stenographer and setting forth the function of that office, the statute contemplates that an officer of the court has taken full

and <u>complete</u> stenographic notes of the proceedings (<u>see</u> Judiciary Law § 295).

As a practical matter, the record in <u>Ramsey</u> highlights the problematic aspects of considering the transcription of an electronically recorded proceeding to be equivalent to a real-time stenographic transcription.  A court stenographer, present at the time of the proceeding, has the ability to ask a party or the judge to repeat something in order to ensure the completeness and accuracy of the record.  By contrast, where an electronic recording fails to record portions of the proceedings, a later transcription -- even if performed by a certified court stenographer -- cannot cure the omissions.  As County Court in <u>Ramsey</u> stated, the filing of an affidavit of errors would have assisted the court in assessing the voluntariness of Ramsey's plea, and would have prevented speculation regarding what occurred during the "inaudible" conversation involving the prosecutor, defendant, and the judge that was reflected in the transcript of the mechanical recording.

It is not within this Court's power to change the existing statute, which expressly requires an affidavit of errors to be filed where the underlying proceedings were not recorded by a court stenographer.  The right to a criminal appeal in New York is statutory, and the failure to file an affidavit of errors in both cases below prevented the appeal from being properly taken by either of the intermediate appellate courts.

Accordingly, the order of the Appellate Term in <u>People v Smith</u> should be reversed, and the case remitted to that court for further proceedings in accordance with this opinion; the order of County Court in <u>People v Ramsey</u> should be affirmed.

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *

<u>For Case No. 103</u>:  Order reversed, and case remitted to the Appellate Term, Ninth and Tenth Judicial Districts, for further proceedings in accordance with the opinion herein.  Opinion by Chief Judge DiFiore.  Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

<u>For Case No. 104</u>:  Order affirmed.  Opinion by Chief Judge DiFiore.  Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.

Decided June 23, 2016