OPINION OF THE COURT
Christopher S. Ciaccio, J.
Defendant Jay Bachstein appeals from a judgment of the East Rochester Town Court (Brown-Steiner, J.), entered January 6, 2014, convicting him after a bench trial of aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a]).
Defendant argues that the evidence was legally insufficient to prove that he operated a motor vehicle and that the verdict was against the weight of the evidence. The People addressed the substantive arguments, but first argued that his appeal should be dismissed as jurisdictionally defective under CPL 460.10 and pursuant to People v Smith (27 NY3d 643 [June 23, 2016]), in that defendant did not file an affidavit of errors within the time mandated.
CPL 460.10 (2) and (3) govern the taking and perfection of an appeal from a local criminal court to a county court or supreme court, appellate term. Subdivision (3) states in no uncertain terms that where the underlying proceedings were not recorded by a court stenographer,
“[w]ithin thirty days after entry or imposition in such local criminal court of the judgment, sentence or order being appealed, the appellant must file with such court either (i) an affidavit of errors, setting forth alleged errors or defects in the proceedings which are the subjects of the appeal, or (ii) a notice of appeal. Where a notice of appeal is filed, *346 the appellant must serve a copy thereof upon the respondent in the manner provided in paragraphs (b) and (c) of subdivision one, and, within thirty days after the filing thereof, must file with such court an affidavit of errors” (CPL 460.10 [3] [a]).
Defendant filed his notice of appeal with the East Rochester Town Court on June 27, 2014. It was received in the Monroe Supreme and County Courts’ Office on November 21, 2014. Subsequent to that date, defendant requested and was granted by this court seven extensions of time to perfect his appeal, each time to obtain transcripts of the recordings of the proceedings at the lower court since no stenographer had been present and because of problems with the recording.
Defendant filed his brief and a transcript of the recording of the relevant lower court proceedings, but never filed an affidavit of errors required by CPL 460.10 (3) (a). While it is common practice to treat a transcript made from a recording as the “functional equivalent” (People v Finklea, 41 Misc 3d 41, 42-43 [App Term, 2d Dept, 9th & 10th Jud Dists 2013]) of a transcript made from a stenographer’s notes, the Court of Appeals in People v Smith (27 NY3d 643, 649-650 [2016]) has rejected that view, holding that “a transcript [of a recording] will not fulfill the jurisdictional requirement of the filing of the affidavit of errors.”
Accordingly, as this court is bound by the decision in Smith, and since defendant failed to follow the statutory requirements for taking his appeal, the appeal is hereby dismissed without prejudice.
This is so even though the defendant received a letter from the Monroe County Clerk’s Office upon that Office’s receipt of the notice of appeal that specifically stated that an affidavit of errors must be filed when “a court reporter was not present and there was not an electronic recording” (emphasis added). It is so even though the requirement of an affidavit of errors fulfilled a legislative scheme that was, as one court noted, “appropriate when one used a quill and ink to generate a subjective affidavit of errors based on recollection of court proceedings” (People v Schumacher, 35 Misc 3d 1206[A], 2012 NY Slip Op 50591[U], *4 [Sullivan County Ct 2012]), but which is no longer necessary now that mechanical recordings provide a record equivalent to a stenographic recording.
And it is so even though the defendant would have been incapable of filing an accurate affidavit of errors without a *347 complete transcript of the bench trial, which he did not get, because of problems with the recording, until March of 2016, nearly two years after the judgment was entered and after the time to file or even move for an extension to file had expired. The Court of Appeals suggests that an affidavit of errors has a practical and beneficial function, in that it can assist the court in preventing “speculation regarding what occurred during the ‘inaudible’ conversation^” (People v Smith at 650). That may be so, but if the recording cannot be secured quickly and counsel cannot file an affidavit of errors within the mandated time period, then the defendant faces dismissal for the jurisdictional defect.
Notwithstanding, this court finds that even if the defendant had filed the affidavit of errors in a timely fashion, the judgment of conviction would be affirmed, as the verdict was based on legally sufficient evidence and was not against the weight of the evidence.
The evidence at trial established that Officer Noah Fast of the East Rochester Police Department came upon a vehicle parked in the westbound lane of traffic on West Filbert Street and with the headlights on. The defendant was found asleep in the driver’s seat with his head slumped over the console. His pants were down around his ankles. Defendant gave a statement to law enforcement that he had been drinking at nearby Johnny’s Bar from 2:00 until 8:00 and had left the bar and was driving home. The rear passenger tire was shredded and the front passenger tire was damaged. Defendant’s speech was slurred and he had an odor of alcohol on his breath.
The Officer conducted a DWI investigation. He asked the defendant to perform certain field sobriety tests, all of which defendant failed. Officer Fast concluded that defendant was intoxicated and placed him under arrest. A chemical test of defendant’s breath yielded a blood alcohol content of .19%.
“A verdict is legally sufficient when, viewing the facts in a light most favorable to the People, ‘there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond a reasonable doubt’ ” (People v Danielson, 9 NY3d 342, 349 [2007], quoting People v Acosta, 80 NY2d 665, 672 [1993], quoting People v Steinberg, 79 NY2d 673, 681-682 [1992]; see also People v Delamota, 18 NY3d 107, 113 [2011]).
Here it cannot be said that the evidence was insufficient. A reasonable inference could be drawn from the presence of the *348 vehicle in the roadway, the flat and damaged tires on the same side of the car, the results of the field sobriety tests, the chemical test result of .19% of blood alcohol content, and the defendant’s admissions that he was operating a motor vehicle while intoxicated, that he had been drinking at Johnny’s Bar, became intoxicated, left at some point, got into his car, moved it somewhat, then stopped it (having run over or up against something sufficiently to damage the tires), turned it off, and fell asleep (but not before dropping his pants to his ankles), to allow the court to conclude that the defendant operated his motor vehicle while intoxicated.
Nor is the verdict against the weight of the evidence (see People v Howard, 132 AD3d 1266 [4th Dept 2015]). In consideration of the obligation to accord great deference to the fact-finder (People v Johnson, 140 AD3d 978, 979 [2d Dept 2016]), and of the evidence cited above, there can be little doubt that the factfinder “was justified in finding that guilt was proven beyond a reasonable doubt” (People v Oberlander, 94 AD3d 1459, 1459 [4th Dept 2012]).
Accordingly, the lower court’s decision and judgment is affirmed and the appeal is dismissed.