The People of the State of New York, Respondent, 
against
Emad Wanass, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (John Cataldo, J.H.O.), rendered February 8, 2012, after a nonjury trial, convicting him of disorderly conduct and two counts of vending from a parked car, and imposing sentence.




Per Curiam.
Judgment of conviction (John Cataldo, J.H.O.), rendered February 8, 2012, affirmed.
Prior to addressing the merits of defendant's appeal from a judgment of conviction rendered in a court of record, following a trial that was electronically, not stenographically, recorded, we consider the People's argument that the appeal must be dismissed because defendant failed to file an affidavit of errors pursuant to CPL 460.10(3).
CPL 460.10, which applies to criminal appeals to a county court or to an appellate term, specifies in subdivision (3) that where the underlying proceedings "were not recorded by a court stenographer," the appellant must file an "affidavit of errors" in order to take the appeal. While on its face CPL 460.10(3) would indicate that defendant was required to file an affidavit of errors because the proceedings below were electronically recorded, when the statute is considered in conjunction with its legislative history, as well as the provisions of the state constitution and the Judiciary Law, it is clear that an affidavit of errors is not required in this case.
The underlying appeal is from a judgment rendered in the Criminal Court of the City of New York, which is a court of record (see NY Const. art. VI, § 1[b]; Judiciary Law § 2[12]; see also NYC Criminal Court Act § 20). In criminal proceedings conducted in a court of record, Judiciary Law § 295 requires that a "stenographer . . . must take complete stenographic notes of the testimony and of all other proceedings" (see People v Harrison, 85 NY2d 794, 796 [1995] [a defendant has a fundamental right to appeal a criminal conviction and to facilitate that right, section 295 of the Judiciary Law requires that full stenographic notes be taken of all trial proceedings]; People v Fearon, 13 NY2d 59, 61 [1963]; People v Koufomichalis, 2 AD3d 987, 989 [2003], lv denied 2 NY3d 742 [2004]; cf. People v Smith, 27 NY3d 643, 649 [2016] [since village courts are not designated by law as a court of record in the state constitution or Judiciary Law, there is no requirement for a court stenographer to be present]). Thus, CPL 460.10(3), which requires the filing of an affidavit of errors where the proceedings are not stenographically recorded, was not intended to apply to appeals from a court of record, where there is a legal [*2]requirement for a court stenographer to be present (see People v Angel, 39 Misc 3d 149[A], 2013 NY Slip Op 50946[U] [App Term, 9th & 10th Jud Dists 2013], lv denied 21 NY3d 1076 [2013] ["Appeals to the Appellate Term from a court other than a court of record are taken via an affidavit of errors"]). Our interpretation is consistent with the legislative history of CPL 460.10(3), which is derived from sections 749 and 751 of the former Code of Criminal Procedure, which required the filing of an affidavit of errors only in appeals from "minor courts," such as a court of special sessions, police court, police magistrate, or justice of the peace, and not appeals from any court of record.
Nor is a contrary result required by People v Smith, 27 NY3d 643, where the Court of Appeals held that criminal appeals from village courts, whose proceedings were electronically recorded, must be dismissed because defendants failed to file an affidavit of errors pursuant to CPL 460.10(3). In Smith, the Court expressly noted that neither of the village courts at issue were "designated by law as a court of record in the New York Constitution or Judiciary Law . . . [and] [c]onsequently, there is no requirement for a court stenographer to be present" (id. at649).
Turning to the merits, we find unavailing defendant's present challenge to the facial sufficiency of the accusatory instrument charging him with disorderly conduct pursuant to Penal Law § 240.20(5). Contrary to defendant's contention, his requisite intent to cause public inconvenience, annoyance or alarm, or recklessness in creating such a risk, is fairly inferable from police allegations that defendant "block[ed] vehicular traffic with another vehicle ... causing traffic to turn into marked white lines" (see People v Hickson, 50 Misc 3d 127[A], 2015 NY Slip Op 51865[U] [App Term, 1st Dept 2015]; see also People v Moye, 90 AD3d 472, 473 [2011], lv denied 18 NY3d 926 [2012]).
Defendant also failed to preserve his contention that the trial court acted as a prosecutor and deprived him of his constitutional right to a fair trial (see People v Kello, 96 NY2d 740 [2001]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see People v DeLeyden, 10 NY2d 293 [1961]; People v Hightower, 29 Misc 3d 131[A], 2010 NY Slip Op 51882[U] [App Term, 1st Dept 2010], lv denied 16 NY3d 831 [2011]).
Defendant's contention that the proceedings below were electronically recorded without statutory authorization is also unpreserved and no prejudice is apparent from the record (see People v Harrison, 85 NY2d at 796 [1995] ["reversal is not required if defendant is not prejudiced by the absence of a stenographic record"]). We note in this regard that "[a]ppeals were perfected, heard and justly determined with the aid of such other devices long before modern stenography and the stenotype machine arrived on the scene" (People v Rivera, 39 NY2d 519, 523 [1976]). Although a real-time stenographic transcription is superior to an electronic recording that is later transcribed (see Smith at 650), the latter may suffice to satisfactorily demonstrate whether genuine appealable and reviewable issues do or do not exist. It is only upon an appropriate showing that this cannot be accomplished that a defendant is entitled to automatic reversal (see generally People v Glass, 43 NY2d 283, 286 [1977]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 09, 2017