The People of the State of New York, Respondent, 
against
Richard Cosme, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (John Cataldo, J.H.O.), rendered October 30, 2013, after a nonjury trial, convicting him of public urination (New York Health Code 153.09), and sentencing him to a fine of $500.




Per Curiam.
Judgment of conviction (John Cataldo, J.H.O.), rendered October 30, 2013, modified, as a matter of discretion in the interest of justice, to the extent of reducing the fine to $250; as modified, judgment of conviction affirmed.
Defendant failed to preserve his present contention that the trial court acted as a prosecutor and deprived him of his constitutional right to a fair trial (see People v Kello, 96 NY2d 740 [2001]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (see People v DeLeyden, 10 NY2d 293 [1961]; People v Hightower, 29 Misc 3d 131[A], 2010 NY Slip Op 51882[U] [App Term, 1st Dept 2010], lv denied 16 NY3d 831 [2011]).
Defendant's contention that there is no statutory authority which permitted the electronic recording of the proceedings below is unpreserved, and no prejudice is apparent from the record (see People v Harrison, 85 NY2d 794, 796 [1995] ["reversal is not required if defendant is not prejudiced by the absence of a stenographic record"]). We note in this regard that "[a]ppeals were perfected, heard and justly determined with the aid of such other devices long before modern stenography and the stenotype machine arrived on the scene" (People v Rivera, 39 NY2d 519, 523 [1976]). Although a real-time stenographic transcription is superior to an electronic recording that is later transcribed (see People v Smith, 27 NY3d 643, 650 [2016]), the latter may suffice to satisfactorily demonstrate whether genuine appealable and reviewable issues do or do not exist. It is only upon an appropriate showing that this cannot be accomplished that a defendant is entitled to automatic reversal (see generally People v Glass, 43 NY2d 283, 286 [1977]).
We find the fine to be excessive to the extent indicated.
In addressing the merits of this appeal, we have considered and rejected the People's contention that the appeal must be dismissed on the ground that defendant failed to file an affidavit of errors (see People v Wanass, calendar no. 14-212, decided herewith).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 09, 2017