■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PAULINO ROSARIO, Appellant. [53 NYS3d 525]—

Purported appeal from order, Supreme Court, New York County (Robert M. Mandelbaum, J.), entered on or about May 26, 2016, which, after a hearing, denied defendant's CPL 440.10 motion to vacate his judgment of conviction, unanimously dismissed, on the ground of failure to obtain leave to appeal pursuant to CPL 460.15.

Because defendant did not seek or obtain permission from a justice of this Court to appeal from the order that denied his CPL 440.10 motion, this Court lacks jurisdiction to entertain the appeal (*see* CPL 450.15 [1]; 460.15; *People v Ramos*, 105 AD3d 684 [1st Dept 2013], *lv denied* 21 NY3d 1045 [2013]; *People v Argentieri*, 66 AD3d 558, 559 [1st Dept 2009], *lv denied* 14 NY3d 769 [2010]). Although defendant obtained leave to appeal from a prior order that summarily denied his original CPL 440.10 motion, resulting in this Court's reversal of that order and remand for a hearing (132 AD3d 454 [1st Dept 2015]), this did not obviate the necessity of permission to appeal from the separate order entered after the hearing was held.

"[A] defendant's right to appeal within the criminal proce-

dure universe is purely statutory . . . and adherence to those requirements is a jurisdictional prerequisite for the taking of an appeal" (*People v Smith*, 27 NY3d 643, 647 [2016] [internal quotation marks omitted]; *see also People v Pagan*, 19 NY3d 368, 370 [2012]). To deem defendant's present notice of appeal to be a motion for leave to appeal, and to grant such leave, would be contrary to the language and purpose of the statute, as well as that of this Court's rules (Rules of App Div, 1st Dept [22 NYCRR] § 600.8 [d]). Concur—Renwick, J.P., Richter, Feinman, Gische and Kahn, JJ.