This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------------

No. 114
The People &c.,
            Respondent,
        v.
Mary Anne Grady Flores,
            Appellant.


            Lance Salisbury, for appellant.
            James P. Maxwell, for respondent.
            Upstate Drone Action; Reporters Committee for Freedom of the Press, et al.; Daniel Finlay, et al.; New York Civil Liberties Union; Vera House, Inc., amici curiae.




DiFIORE, Chief Judge:

            Criminal Procedure Law § 460.10 requires an appellant to file an affidavit of errors with the criminal court in order to take an appeal from a judgment of a local criminal court if the underlying proceedings were not recorded by a court

- 1 -

stenographer.  We have already held that the filing of the affidavit of errors in this circumstance is a jurisdictional prerequisite (see People v Smith, 27 NY3d 643, 647 [2016]).  Consistent with our analysis in Smith, we conclude that the failure to file the required affidavit of errors renders the intermediate appellate court without jurisdiction to hear the case.

                                     I.

         On October 25, 2012, the DeWitt Town Court issued a temporary order of protection against defendant, Mary Anne Grady Flores, after she was arraigned on charges of disorderly conduct and trespass in connection with a protest occurring on Hancock Field, the property of an Air National Guard military base located at 6001 East Molloy Road.  As relevant here, the temporary order of protection, issued as a condition of bail pursuant to CPL 530.13 (1), directed defendant to "[s]tay away" from the Colonel who requested the order on behalf of the military base, including his place of employment at 6001 East Molloy Road.  Almost four months after Town Court issued the temporary order of protection against defendant, she was arrested in connection with another protest for allegedly violating the temporary order of protection and charged with criminal contempt in the second degree, in addition to disorderly conduct.

         Defendant's jury trial was held in a local Town Court, which is not a court of record, and no court stenographer was

present during the proceedings.  The jury convicted defendant of criminal contempt in the second degree and acquitted her of the disorderly conduct charge.  The trial court sentenced defendant on July 10, 2014, and she filed her notice of appeal that same day.  Defendant did not file an affidavit of errors with the court.

In the absence of a court stenographer to record the proceedings, Town Court electronically recorded the trial proceedings.  Defense counsel made diligent efforts to obtain these mechanical recordings of the proceedings in order to have them transcribed for the appeal.  On November 14, 2014 -- within five months of the filing of the notice of appeal -- defense counsel moved County Court for an order extending defendant's time to perfect her appeal.  Defense counsel also moved for "a clarification of the proceedings pursuant to CPL 460.10 (2)."  In the affidavit submitted with that motion, counsel cited CPL 460.10 (3) (a) and (3) (b), and stated that "in order to take the present appeal, [defendant] need only have filed the notice of appeal with the DeWitt Town Court" and "served said notice of appeal on the District Attorney."  Having timely done this, counsel concluded that the "appeal was properly taken pursuant to CPL 460.10."

Defense counsel asked County Court to "conclude that the transcripts created from an electronic recording of a trial . . . is the functional equivalent of stenographic minutes for

purposes of CPL []460.10."  However, defense counsel further

argued in the alternative that, if County Court denied his

motion, "there is good cause for a late filing of the affidavit

of errors."[1]  On November 20, 2014, County Court granted

defendant an extension of time to perfect her appeal, without

reaching defendant's alternative application for leave to file a

late affidavit of errors pursuant to CPL 460.30.

County Court subsequently modified the judgment,

upholding defendant's conviction for criminal contempt in the

second degree, but reducing the year-long jail sentence defendant

received to six months.  A Judge of this Court granted defendant

leave to appeal (27 NY3d 1132 [2016]), and we now reverse and

remit to County Court for further proceedings in accordance with

---

[1] In his motion, defense counsel relied on People v Robinson
(72 NY2d 989 [1988]) as support for his request to treat the
trial transcripts prepared from an electronic recording as
equivalent to the minutes prepared by a court stenographer.
Defense counsel's motion was predicated on a misunderstanding of
the law. Rather than addressing the taking of an appeal, our
decision in Robinson plainly involved the trial court's return to
an appeal that had been taken by a defendant. The return "must
set forth or summarize evidence, facts or occurrences in or
adduced at the proceedings resulting in the judgment, sentence or
order, which constitute the factual foundation for the
contentions alleged in the affidavit of errors" (CPL 460.10 [3]
[d]). In Robinson, we held that a transcript prepared from an
electronic recording of the defendant's probation revocation
hearing satisfied the statutory requirement of the court's return
pursuant to CPL 460.10 (3) (d) (72 NY2d at 990). We did not
determine that the transcript satisfied the affidavit of errors
requirement imposed on the appellant to take the appeal under CPL
460.10 (3) (a) (see id.). Defendant's motion pre-dated our
decision in Smith.

this opinion.

                              II.

        On appeal in this Court, defendant argues, among other
things, that Town Court had no authority under CPL 530.13 (1) to
issue the temporary order of protection, that the order
impermissibly burdened her First Amendment rights, and that the
accusatory instrument was defective.  In response, the People
assert, in the first instance, that we cannot entertain the
appeal due to defendant's failure to file an affidavit of errors.
We agree with the People that this jurisdictional defect bars our
review of the merits of this appeal.

        "It is a fundamental precept of the jurisdiction of our
appellate courts that '[n]o appeal lies from a determination made
in a criminal proceeding unless specifically provided for by
statute'" (Matter of 381 Search Warrants Directed to Facebook,
Inc., 29 NY3d 231, 242 [2017], quoting People v Lovett, 25 NY3d
1088, 1090 [2015]).  CPL 1.10 specifically provides that "[a]ll
criminal actions and proceedings . . . and all appeals" are
exclusively governed by the Criminal Procedure Law.  As we
recently held in Smith, CPL 460.10 (3) makes the filing of an
affidavit of errors a "jurisdictional requirement" for the taking
of an appeal from a local criminal court in which the underlying
proceedings were not recorded by a court stenographer (see Smith,
27 NY3d at 649-650).

        The statute requires that the appellant must file,

within 30 days, "either (i) an affidavit of errors, setting forth alleged errors or defects in the proceedings which are the subjects of the appeal, or (ii) a notice of appeal" (CPL 460.10 [3] [a]; see Smith, 27 NY3d at 648). "If the appellant chooses to file a notice of appeal, he or she must then file an affidavit of errors" (Smith, 27 NY3d at 648, citing CPL 460.10 [3] [a]). CPL 460.10 (3) (a) plainly states that, even when a notice of appeal is filed, an appellant must also file an affidavit of errors with the court. Only after appellant files the affidavit of errors, as prescribed in CPL 460.10 (3), is the appeal "deemed to have been taken" (CPL 460.10 [3] [c]). Thus, the filing of the affidavit of errors with the court is a "jurisdictional prerequisite" (Smith, 27 NY3d at 646) for the taking of an appeal. As defendant here did not take an appeal as dictated by statute, the intermediate appellate court lacked jurisdiction to review the issues raised.

Contrary to defendant's argument, this is not a new pronouncement as to the jurisdictional nature of CPL 460.10. Our recent decision in Smith was not the first time we held that failing to file an affidavit of errors is a "jurisdictional defect" preventing a court from hearing the appeal (see id. at 649). In interpreting section 751 of the former Code of Criminal Procedure, the precursor to the Criminal Procedure Law, we held that the failure to file an affidavit of errors within a thirty-day period was fatal to the appeal (see People v Colin, 18 NY2d

795 [1966] [affirming a County Court order granting the People's motion to dismiss for failure to timely file an affidavit of errors]; People v Dimmie, 15 NY2d 578 [1964]; People v Omans, 306 NY 375 [1954]; see also People v Coaye, 68 NY2d 857 [1986] [holding that the prescribed limitations set out in CPL 460.10 are jurisdictional]).

Where the court is deprived of the requisite filings to take the appeal, such defect directly goes to the jurisdiction of the court. As defendant, here, failed to properly take an appeal, this jurisdictional defect prevents our Court from reviewing the substantial merits arguments raised by defendant in this case.[2]

### III.

In the past, when we determined an appeal was improperly entertained by the intermediate appellate court, we have remitted with directions to dismiss the appeal taken to that court (see People v Stephens, 55 NY2d 778 [1981]; Matter of Santangello v People, 38 NY2d 536 [1976]). Such corrective action is not appropriate here however. CPL 460.30 (1) permits

---

[2] This year, the legislature amended CPL 460.10 (3) to afford appellants more time to file the affidavit of errors in the event a court used an electronic recording in the proceedings. If an appellant opts to first timely file a notice of appeal, he or she now has 60 days after receipt of the transcript of the electronically recorded proceedings to file the affidavit (see CPL 460.10 [3] [a], as amended by L 2017, ch 195). The legislature, while expanding the time an appellant has to take an appeal, did not eliminate the jurisdictional prerequisite of an affidavit of errors.

an intermediate appellate court to extend a defendant's time to file a late affidavit of errors under certain circumstances, if a motion was made within a year of the expiration of the time for the taking of the appeal.  In this case, defendant filed a timely notice of appeal and moved -- well within the statutory one-year time period allotted for the relief of an extension of time -- for leave to file a late affidavit of errors.  County Court granted defendant an extension of time to obtain the transcripts, but did not address defendant's alternative motion to file a late affidavit of errors.  Given the unusual circumstances presented here, we remit to County Court to permit that court's exercise of discretion in connection with defendant's motion to file a late affidavit of errors.

Accordingly, the order of the County Court should be reversed, and the case remitted to that court for further proceedings in accordance with this opinion.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed and case remitted to County Court, Onondaga County, for further proceedings in accordance with the opinion herein.  Opinion by Chief Judge DiFiore.  Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.

Decided November 16, 2017