People v Althiser (2018 NY Slip Op 04604)





People v Althiser


2018 NY Slip Op 04604


Decided on June 21, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 21, 2018

109053

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RONNIE A. ALTHISER, Appellant.

Calendar Date: May 1, 2018

Before: Garry, P.J., McCarthy, Devine, Aarons and Pritzker, JJ.


Teresa C. Mulliken, Harpersfield, for appellant.
John M. Muehl, District Attorney, Cooperstown (Michael F. Getman of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of Otsego County (Burns, J.), entered December 14, 2016, which denied defendant's motion pursuant to CPL 390.50 for a copy of his presentence investigation report.
In 2011, defendant pleaded guilty to rape in the first degree and was sentenced to 10 years in prison to be followed by five years of postrelease supervision. Five years later, he moved pursuant to CPL 390.50 for disclosure of the presentence investigation report (hereinafter PSI) prepared in connection with that matter. County Court denied defendant's motion, and he now appeals.
The appeal must be dismissed. "No appeal lies from a determination made in a criminal proceeding [or action] unless specifically provided for by statute" (People v Hernandez, 98 NY2d 8, 10 [2002] [citation omitted]; see CPL art 450; People v Smith, 27 NY3d 643, 647 [2016]). As we detail in People v Young ( AD3d [decided herewith]), an application for disclosure of a PSI need not arise in the criminal context. It is instead necessary to "'look[] to the true nature of [the] proceeding [or action] and to the relief sought in order' to determine whether the proceeding [or action] is a special civil [matter] giving rise to an appealable order or, instead, a criminal proceeding [or action] for which an appeal must be statutorily authorized" (Matter of 381 Search [*2]Warrants Directed to Facebook, Inc. [New York County Dist. Attorney's Off.], 29 NY3d 231, 245 [2017], quoting Matter of Abrams [John Anonymous], 62 NY2d 183, 191 [1984]; see Hynes v Karassik, 47 NY2d 659, 661 n 1 [1979]).
Defendant stated in his motion papers that he is seeking disclosure of the PSI in connection with "collateral proceedings dealing with the sentencing and conviction." The application accordingly "relate[s] to a . . . completed criminal action" — namely, the action ending with the conviction that defendant now wishes to challenge — so as to constitute a criminal action (CPL 1.20 [18] [b]). It follows that statutory authorization is required for an appeal from any order emanating from it and, inasmuch as no authorization is present in CPL article 450, the present appeal must be dismissed (see People v Young, supra; People v Brunner, 274 AD2d 977, 977 [4th Dept 2000]; People v Wosu, 256 AD2d 1247, 1248 [4th Dept 1998]).
Garry, P.J., McCarthy, Aarons and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed.