The People of the State of New York, Respondent,
against
Glenn S. Smith, Appellant.




Richard N. Lentino, for appellant.
Orange County District Attorney (Robert H. Middlemiss of counsel), for respondent.

Appeal from a judgment of the Justice Court of the Village of Goshen, Orange County (Thomas J. Cione, J.), rendered April 11, 2012. The judgment convicted defendant, upon a jury verdict, of resisting arrest and disorderly conduct.




ORDERED that the judgment of conviction is reversed, as a matter of discretion in the interest of justice, and the accusatory instrument is dismissed.
Defendant was arrested on October 14, 2011 at the Orange County courthouse, after he had allegedly refused to comply with the directions of a court officer to remove his "doo rag" head covering. Defendant allegedly loudly used profanity and struggled with several court officers. After a jury trial, defendant was convicted of resisting arrest (Penal Law § 205.30) and disorderly conduct (Penal Law § 240.20 [3]). Defendant argues, among other things, that the People failed to prove his guilt of both disorderly conduct and resisting arrest beyond a reasonable doubt and that the jury charge was deficient.
On a prior appeal (People v Smith, 43 Misc 3d 71 [App Term, 2d Dept, 9th & 10th Jud Dists 2014], revd 27 NY3d 643 [2016]), we found, as a preliminary matter, that "[t]he People's threshold contention that the appeal was not properly taken and should be dismissed because defendant did not file an affidavit of errors in accordance with CPL 460.10 (3) [was] without merit" (id. at 72). We then rejected defendant's challenges to the legal sufficiency of the evidence but reversed the judgment of conviction and dismissed the accusatory instrument as a matter of discretion in the interest of justice, finding that there were multiple deficiencies in the jury charge which constituted reversible error (id.). The Court of Appeals granted the People leave to appeal (24 NY3d 1005 [2014]) and reversed this court's order on the ground that the appeal should have been dismissed for failure to comply with CPL 460.10 (3) and remitted the matter to this court for further proceedings (People v Smith, 27 NY3d 643). Upon remittitur [*2]from the Court of Appeals, this court dismissed the appeal and, simultaneously, granted defendant's motion for a writ of error coram nobis on the ground that his counsel was ineffective in failing to file an affidavit of errors (People v Smith, 52 Misc 3d 143[A], 2016 NY Slip Op 51218[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]; People v Smith, 2016 NY Slip Op 83072[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). Defendant has now properly taken and perfected his appeal, making the same arguments he made in support of his initial appeal. The People concede that defendant is entitled to a reversal of the judgment of conviction "in light of this Court's prior decision." 
Having reviewed defendant's arguments, we adhere to the reasoning and conclusions set forth in our prior decision (People v Smith, 43 Misc 3d 71, revd on other grounds 27 NY3d 643) and incorporate them herein. 
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
TOLBERT, J.P., BRANDS and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 13, 2018