The People of the State of New York, Respondent,
against
Daria N. Epakchi, Appellant.




David A. Day, for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (Paul Senzer, J.H.O.), rendered April 17, 2014. The judgment, after a nonjury trial, convicted defendant of failing to stop at a stop sign. The appeal from the judgment of conviction brings up for review an order of that court (Allen S. Mathers, J.H.O.) dated March 27, 2014 denying defendant's motion to dismiss the simplified traffic information. By decision and order dated June 23, 2016, this court reversed the judgment of conviction, vacated the order dated March 27, 2014 denying defendant's motion to dismiss the simplified traffic information, and granted defendant's motion (People v Epakchi, 52 Misc 3d 134[A], 2016 NY Slip Op 51020[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). On May 1, 2018, the Court of Appeals reversed the decision and order of this court and remitted the matter to this court for further proceedings (People v Epakchi, 31 NY3d 1007 [2018]).




ORDERED that, upon remittitur from the Court of Appeals, the judgment of conviction is reversed, as a matter of discretion in the interest of justice, the order denying defendant's motion to dismiss the simplified traffic information is vacated, defendant's motion is granted, the simplified traffic information is dismissed, and the fine, if paid, is remitted.
In a prior action, in which defendant was charged in a simplified traffic information with failing to stop at a stop sign (Vehicle and Traffic Law § 1172 [a]), the District Court granted [*2]defendant's pretrial motion to dismiss the simplified traffic information on the ground that the People had failed to respond to defendant's request for the complaining officer's supporting deposition (see CPL 100.25, 100.40 [2]). Thereafter, this action was commenced by the filing of a simplified traffic information charging defendant with the same traffic violation based upon the same incident. By written motion, defendant moved to dismiss the simplified traffic information. In an order dated March 27, 2014, the District Court (Allen S. Mathers, J.H.O.) denied the motion. Following a nonjury trial, the District Court (Paul Senzer, J.H.O.) convicted defendant of the charged offense.
In a decision and order dated June 23, 2016, this court reversed the judgment of conviction, vacated the order dated March 27, 2014 denying defendant's motion to dismiss the simplified traffic information, and granted defendant's motion (People v Epakchi, 52 Misc 3d 134[A], 2016 NY Slip Op 51020[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). The Court of Appeals reversed this court's decision and order on the ground that the appeal to this court had not been properly taken due to the failure to serve or file an affidavit of errors in compliance with CPL 460.10 (3) and remitted the matter to this court for further proceedings (People v Epakchi, 31 NY3d 1007 [2018]). Defendant has now properly taken and perfected her appeal (see People v Smith, 27 NY3d 643 [2016]), making the same arguments she made before.
This court has consistently reversed judgments of conviction, as a matter of discretion in the interest of justice, where, absent special circumstances warranting the reprosecution of a defendant, the People proceeded to trial on a refiled accusatory instrument, after an earlier simplified traffic information, charging the same offense based upon the same incident, had been dismissed for failure to serve the defendant with a requested supporting deposition (see CPL 100.25, 100.40 [2]; People v Meisels, 31 Misc 3d 143[A], 2011 NY Slip Op 50873[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]; People v Rathgeber, 23 Misc 3d 130[A], 2009 NY Slip Op 50653[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2009]; People v Berger, 16 Misc 3d 133[A], 2007 NY Slip Op 51498[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; People v Rosenfeld, 163 Misc 2d 982, 983 [App Term, 2d Dept, 9th & 10th Jud Dists 1994]; People v Aucello, 146 Misc 2d 417 [App Term, 2d Dept, 9th & 10th Jud Dists 1990]; cf. People v Nuccio, 78 NY2d 102 [1991]). No special circumstances have been shown to exist in this case to warrant defendant's reprosecution. A ruling to the contrary "would defeat the very purpose of CPL 100.40 (2), disregard the interest of judicial economy, and erode the confidence of the public in the criminal justice system" (Rathgeber, 23 Misc 3d 130[A], 2009 NY Slip Op 50653[U], *2 [citations omitted]). In light of the foregoing, we need not reach defendant's remaining contentions.
Accordingly, the judgment of conviction is reversed, the order denying defendant's motion to dismiss the simplified traffic information is vacated, defendant's motion is granted, and the simplified traffic information is dismissed.
ADAMS, P.J., GARGUILO and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 06, 2019